LOTTINGER, Judge.
This is a suit wherein the plaintiff seeks damages for personal injuries sustained by him on September 13, 1960, in an automobile accident that occurred on Louisiana Highway No. 25 about two miles North of its intersection with Louisiana Highway No. 10. Named as defendants are the Spohrer Construction Company, T. L. James and Company, Inc., and the State of Louisiana. Legislative authority to file suit against the State was never obtained. The other two defendants, Spohrer and James, filed motions for summary judgment, which were granted, resulting in judgment in their favor dismissing the plaintiff’s suit which judgment has been appealed by him.
The petition alleges that Spohrer and James had contracted with the Department of Highways to reconstruct and improve the highway in the area where the accident occurred. That on the date of the accident the highway was under the control and maintained by the Department of Highways and that Spohrer and James were additionally responsible for the road’s condition by virtue of the obligations under the aforementioned contract. The petition then goes on to allege that there was a curve and was a sudden dip or drop in the road from the normal embankment or grade and the curve consisted of a “sudden levelling off at the southernmost end of the curve that occurred only on the right hand portion of the South Bound lane, and would, therefore, affect only the right hand wheels of an automobile driving South on said Highway” and that at about 6:35 o’clock P. M. as plaintiff was traveling in a southerly di *642 rection on the highway at.a speed of from 45 to 55 miles per hour, his automobile, which was then in good condition, suddenly went out of control as he rounded the aforesaid curve, “throwing him out of the automobile and over a fence against a tree”. Numerous charges of negligence are then set forth against all defendants, which, considered in their entirety, amount to the failure of the defendants to repair the curve by eliminating the alleged dip or drop or to warn motorists of the existence thereof, and, additionally, their actions in piling tree stumps and debris on the East shoulder of the road in close proximity to the dip. The petition concludes with the allegation that as plaintiff was rendered unconscious in the accident and did not remember the details thereof, the doctrine of res ipsa loquitur is applicable.
The record contains, in addition to the petition and answers, the deposition of the plaintiff taken upon oral examination on October 6, 1961, a survey of the situs of the accident made at plaintiff’s request on May 12, 1961, by Robert A. Berlin, Civil Engineer, to which reference is made in his deposition, the contract between the Department of Highways and Spohrer Construction Company dated April 4, 1960, to which reference is made in Article 1 of Plaintiff’s petition, the affidavits of Harold Penton and James A. Erwin and records thereto annexed, the affidavit of Tom Doyle and photographs of the scene of the accident referred to therein and certificate of the United States Weather Bureau. The aforesaid documents established that the contract for the widening and surfacing of the roadway was let by the Department of Highways to Spohrer and that James was a subcontractor of the latter. They also show that at the time of the occurrence of the accident, no work whatever had been performed on the surface of the roadway in the vicinity of the scene of the accident and that it was in substantially the same condition as it was on the date of the execution of the contract by the Department with Spohrer. The only work which had been done in the area was certain clearing and grubbing on the shoulders of the road together with fence construction on the right of way. In connection with the clearing operations, certain tree stumps and debris had been piled at a point on the shoulder approximately 17 feet from the East edge of the paved portion thereof.
Although the plaintiff did not remember any of the circumstances surrounding the accident, he testified that from information obtained by him subsequently, his car had run off the left side of the roadway and struck a pile of debris some ten or fifteen feet from the road causing him to be thrown from the vehicle a distance of some eighty to one hundred feet. He first learned of the alleged dip in the road when he examined the scene of the accident after his discharge from the hospital. He then had a survey made by the aforesaid Civil Engineer, Mr. Berlin.
From the above it is apparent that the alleged defect in the roadway was not created as a result of any act or omission on the part of either of the defendants Spohrer or James. The roadway was in the same condition at the time of the accident as it was when Spohrer assumed its obligation under the contract; hence, neither Spohrer nor James can be said to have had any legal duty to either repair the alleged defect or to warn motorists of its existence and, in the absence of such legal duty, they cannot be held liable to a person whose injury may have been caused thereby. See the recent Federal decision of McClendon v. T. L. James & Company, Inc., et al., 5 Cir., 231 F.2d 802, which stands squarely for this proposition. Moreover, even if it could be assumed that there was a legal duty owed by either Spohrer or James to plaintiff with respect to the roadway whereon the accident occurred, plaintiff’s claim would still be without merit for the Berlin survey, made at his own instance, disproves his contention that there was a sudden levelling off of or a dip or drop in the road at the southermost end of the curve, for it clearly *643 shows by a comparison of elevations at twenty-five foot intervals, a gradual downgrade in the road of approximately eighteen inches over a distance of some two hundred forty feet which we certainly do not feel could constitute a danger to motorists. In this connection plaintiff places reliance on the affidavit of Mr. William A. Tycer, Civil Engineer,, also contained in the record, which, he contends, raises a material issue of fact (thus making the use of the summary judgment improper) and shows that the roadway was in fact dangerous.
The pertinent parts of Mr. Tycer’s affidavit are as follows:
“(5) That he has studied and made graphs from a survey made by Robert Berlin on the 12th day of May, 1961;
“(6) That in his opinion had he, William A. Tycer, made this same survey, and found it to be exactly as Robert A. Berlin did, and if it was in that same condition on the day Joel Davis had his accident, then in his opinion, the condition of the road on that day could have been the cause of the accident;
“(7) If the road on the date Joel Davis had his accident was the same as it was the day Robert Berlin surveyed it, then either the contractor in charge of the road or the State of Louisiana should have known that the curve and the road surface could cause an automobile to go out of control driving from 45 miles per hour upwards, particularly, the compact cars being produced in great numbers in America today;
“(8) Deponent attaches hereto his original graph made by Robert A. Berlin;”
A reading of the foregoing shows that the affidavit does not dispute the Berlin survey in any way, but merely states further Mr. Tycer’s opinion as to the cause of the accident. Moreover, we are not bound by Mr. Tycer’s opinion as to the cause of the accident having determined, as set forth above, that the gradual downgrade in the road was not a danger to motorists.
Nor do we think that the accident could have been caused by the existence of a pile of debris on the shoulder of the highway at least ten or perhaps seventeen feet from the edge of the road. The certificate of the United States Weather Bureau shows that the accident happened during the hours of daylight and we fail to see how a clearly visible pile of debris so situated could have been a proximate cause of'the accident.
Lastly, we consider the plea of res ipsa loquitur. The record shows clearly that the plea is inapplicable in this case as it is well settled that in order to rely on the plea, the evidence must exclude every reasonable hypothesis as to the cause of the accident other than negligence on the part of Spohrer, James and the Department of Highways. As pointed out before, the plaintiff was thrown from eighty to one hundred feet from his automobile which shows that the cause of the accident could easily have been due to excessive speed. For this, and other reasons, the circumstances of the accident just as readily warrant an inference that it was attributable to negligence on the part of the plaintiff and hence the doctrine has no application.
For the foregoing reasons, it is our conclusion that the judgment of the District Court in granting a motion for summary judgment is eminently correct and it is, therefore, affirmed.
Judgment affirmed.
ELLIS, J., recused.