454 So.2d 257 (1984)
Melvin ROBINSON
v.
STATE of Louisiana Through DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
John Dale WATKINS
v.
PATTERSON TRUCK LINE, INC., Melvin Robinson, National Union Fire Insurance Company, Department of Transportation and Development of the State of Louisiana and the State of Louisiana.
Terri Rene CHAMBERS, Individually, and as Natural Tutrix of her minor child, Andy Lee Chambers
v.
PATTERSON TRUCK LINE, INC., Melvin Robinson, and State of Louisiana, Department of Transportation and Development, Secretary of Transportation and Development.
Nos. 82 CA 0971-82 CA 0973.
Court of Appeal of Louisiana, First Circuit.
July 2, 1984.
Writ Denied October 12, 1984.
*259 Steve LeMoine and Clyde A. Ramirez, New Orleans, for plaintiff and appellant Melvin Robinson.
Philip Henderson, Houma, for plaintiff and appellantJohn Watkins.
Charles Steib, St. Louis, Mo., Thomas A. Rayer, New Orleans, for plaintiff and appellantTerri Chambers.
Gerald Dillon, New Orleans, for defendant and appellantLouisiana Paving Co.
Grady Weeks, Houma, for defendant and appelleeState of La., Dept. of Transp. & Development.
Huntington B. Downer, Houma, for defendant and appelleePatterson Truckline.
Before EDWARDS, COLE, WATKINS, SHORTESS and ALFORD, JJ.
WATKINS, Judge.
These cases, consolidated for trial, arose out of a head-on collision which occurred on January 14, 1980 on U.S. Highway 90 in Terrebonne Parish between Morgan City and Houma. The collision took place between two pickup trucks, one owned by Patterson Truck Line, Inc. (Patterson) and driven by Melvin Robinson, and the other driven by John Dale Watkins and owned by Randel Chambers who was a passenger. Chambers was killed by the collision, and Robinson and Watkins suffered extensive injuries.
Robinson filed suit against the State of Louisiana through the Department of Transportation and Development (DOTD). On January 14, 1981, Robinson amended his petition to add as a party defendant Louisiana Paving Company, Inc. (Louisiana Paving), the contractor of DOTD who was performing construction and repair work under contract on the roadway.
In his original petition, Watkins named as defendants Robinson, Patterson, National Union Fire Insurance Company, (National Union) Patterson's liability insurer, and the DOTD. Jessie E. LeBlanc and Gordon S. LeBlanc, d/b/a LeBlanc Brothers and Company, and Louisiana Paving were added as parties defendant by amended petition on August 28, 1980.[1]
*260 On January 13, 1981, Terri Chambers, widow of the decedent, Randel Chambers, filed suit on her own behalf and on behalf of her minor son against Patterson, Robinson, and the DOTD. Chambers amended her petition to add Louisiana Paving as a defendant on March 17, 1981, more than one year after the accident and death of her husband.
The DOTD filed third party demands against Patterson, Louisiana Paving, Robinson and Watkins.
Louisiana Paving filed third party demands against Patterson and National Union.
At the conclusion of plaintiffs' case, the trial court issued a directed verdict which dismissed all claims against Patterson and National Union. After trial on the merits, the trial court dismissed the plaintiffs' claims against all of the defendants except Louisiana Paving and rendered judgment in favor of each plaintiff against Louisiana Paving in the amounts of $85,000 to Melvin Robinson, $192,905.75 to Terri Chambers, $100,000 to Terri Chambers on behalf of her minor child Andy Lee Chambers, and $175,000 to John Watkins, together with legal interest and costs. The claims asserted in the third party demands were dismissed.
Louisiana Paving has appealed the trial court's decision. Robinson has appealed the dismissal of his claims against the DOTD. Watkins has appealed the dismissal of his claims against the DOTD, Robinson, Patterson and National Union. Louisiana Paving has also filed on appeal an exception of prescription against the claims asserted by Terri Chambers. None of the appellants question the correctness of the quantum of the trial court's awards.
On January 14, 1980, Robinson, who was in the process of buying a house trailer, received a telephone call at his office in Morgan City from a trailer salesman in Houma, who informed him that he (Robinson) had a deadline of 5:00 p.m. that day to come up with some additional money for the down payment on the house trailer. Robinson was employed by Patterson and had regular access to company vehicles. He took a Patterson pickup truck and drove from the Patterson office in Morgan City to Alto Trailer Sales on U.S. Highway 90 in Houma. He made the down payment on the trailer and was returning to work, traveling in a westerly direction on Highway 90 between Houma and Morgan City when the accident occurred. After negotiating a curve in the road, Robinson allowed the right wheels of his pickup truck to drop off the highway and onto the shoulder. When Robinson attempted to get back onto the highway, his right wheels came into contact with a two and one-half inch drop-off between the highway surface and the shoulder. He lost control of the vehicle and collided with the pickup truck occupied by John Watkins and Randel Chambers which was proceeding in the directionally opposite lane of travel.
The segment of Highway 90 on which Robinson ran onto the shoulder, lost control, and had the collision was under a contract for its widening, entered into by Louisiana Paving and the DOTD. The contract provided for asphaltic concrete base widening and overlay and related work on a segment of the highway about 10 miles in length. At the time of the accident the work to be performed under the contract was substantially under way. Asphalt patching and repair work on the existing concrete roadway had been done in many non-contiguous areas along the 10 mile segment, including an area within 500 feet of the accident site. Within seventy-five feet of the site of the accident a large tree had been removed from within the road right-of-way.

LIABILITY OF DOTD
A duty founded in statute and recognized by the jurisprudence exists on the part of the DOTD to maintain the public highways in a condition that is reasonably safe for persons exercising ordinary care and reasonable prudence. This duty to maintain extends to the shoulders of the highway as well. LSA-R.S. 48:1(11), (21), 48:21; Watson v. Morrison, 340 So.2d 588 *261 (La.App. 1st Cir.1976), writs denied, 341 So.2d 1134 (La.1977); 342 So.2d 218 (La. 1977); Rue v. State Department of Highways, 372 So.2d 1197 (La.1979); Payne v. Louisiana Dept. of Transp., Etc., 424 So.2d 324 (La.App. 1st Cir.1982); Palermo v. Allstate Insurance Company, 415 So.2d 437 (La.App. 1st Cir.1982). The scope of the duty imposed on the DOTD encompasses the particular risk which gave rise to the plaintiffs' injuries in this case. In LeBlanc v. State, 419 So.2d 853, 854 (La.1982), the Louisiana Supreme Court stated:
"The Department's duty to maintain highway shoulders is imposed to protect a motorist from the risk of injury produced by a combination of the motorist's inadvertent encounter with an unexpected, sharp dropoff from the roadway and her consequent instinctive oversteering of her vehicle."
In the present case Robinson had emerged from a curve on Highway 90 when the right wheels of his vehicle unintentionally deviated from the roadway onto the shoulder. When he subsequently attempted to return his right wheels to the road surface, he met with a sharp drop-off of two and one-half inches which threw his truck out of control and caused it to cross the highway and to veer into the vehicle occupied by Watkins and Chambers, which was traveling at about 45 mph in the opposite direction. Since the record establishes that a two and one-half inch drop-off is hazardous to motorists, plaintiffs are clearly within the ambit of the DOTD's duty to maintain the roadways.
Liability based on negligence is imposed when the DOTD is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). The record establishes that a two and one-half inch drop-off existed between the road surface and the shoulder. Mr. Herberto Rivera, Resident Construction Engineer for the DOTD, testified that inspectors from the DOTD were on the job site to inspect the progress of the work every day that the contractor was performing construction operations. As a result we are compelled to find the DOTD knew, or at least should have known of the hazardous condition of the highway and its shoulders through observation of the area that was under contract, and yet it took no action to correct the condition or have the condition corrected.
The DOTD contends that its duty to maintain the highway in a safe condition was shifted from the DOTD to Louisiana Paving by virtue of the construction contract wherein Louisiana Paving agreed to perform maintenance of the roadway and to post warning signs during the course of the construction. Although the trial court found that the duty to maintain the highway was shifted to Louisiana Paving, we know of no authority which would allow the DOTD to contract away to a private concern a responsibility as fundamental and as critical as its duty to maintain the public roads and highways in a reasonably safe condition.
It is clear from the contract between the parties that Louisiana Paving did undertake the obligation of maintenance during the course of construction. Section 105.15 of the contract provides for "Maintenance During Construction", obliging the contractor to maintain the work during the course of construction until the project is accepted. But it is apparent that the DOTD did not understand Section 105.15 to absolve it of its overriding duty to the public because Section 105.16 of the contract sets forth procedures to be followed in the event the contractor fails to maintain the roadway. By virtue of this latter provision the DOTD retained the right under the provisions of the contract to maintain the highway, and clearly recognized its obligation to the public to maintain the highway and its shoulders in satisfactory condition for travel during the course of construction.
The maintenance of our highways in a reasonably safe condition is paramount to the safety of the public. As a matter of public policy it is vital that there be an accountable entity to whom the public can *262 look for adequate maintenance of the roadways as well as for redress in the event that a defective condition in the highway precipitates injury. This duty to maintain the public roads and highways has been statutorily imposed on the DOTD. LSA-R.S. 48:21.
In Robertson v. Handy, 354 So.2d 626 (La.App. 1st Cir.1977), writ denied, 356 So.2d 434 (La.1978), where a maintenance contract existed between the DOTD and the City of Bogalusa, the DOTD was not allowed to shift liability to the municipality for a dangerous condition which the DOTD knowingly allowed to exist. In Robertson, we held that although the DOTD was authorized by statute to contract with a municipality to perform maintenance on State highways within the corporate limits, the statutes authorizing such contracts do not relieve the DOTD of its fundamental responsibility that the maintenance work be properly performed. It necessarily follows that if the DOTD cannot escape its responsibility by contracting with a municipality, another governmental body whose primary concern is the safety and well being of its citizens, then the DOTD surely cannot be so relieved by contract with a private concern. See also Ishee v. State, Through Dept. of Transp., 413 So.2d 1362 (La.App. 1st Cir.1982).
We, therefore, find that the DOTD was negligent in knowingly allowing a condition to exist which was hazardous to the reasonably prudent motorist, and that the construction contract between Louisiana Paving and the DOTD cannot absolve the DOTD of its duty to the public to correct hazardous conditions or cause them to be corrected by the contractor.
Since we have found the DOTD to be negligent we need not discuss its liability to plaintiffs under the doctrine of strict liability, LSA-C.C. art. 2317, at any length. The defective thing (the highway and its shoulder) was in the custody of the DOTD and was the cause of plaintiffs' damages. Whether the basis of the liability be negligence or strict liability, the underlying reason for imposing the liability stems from traditional notions of blameworthiness or fault. See Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982).

LIABILITY OF LOUISIANA PAVING COMPANY, INC.
The record supports the district court's findings of negligence on the part of Louisiana Paving. Louisiana Paving had been performing patching work within 500 feet of the scene of the accident, had removed a large tree within 75 feet of the accident site, was aware of the condition of the roadway and was under a duty to repair the condition. Furthermore, Louisiana Paving had placed posts designed to hold "low shoulder" signs the entire length of the project but nevertheless had failed to place the signs upon the posts, in violation of its contractual duty to sign the project area.
The evidence supports the finding of the trial court that the traffic passing through the construction area had to travel on shoulders for at least several hundred feet around certain repair sites. Some of these vehicles traveling on the shoulder were very heavy trucks, including trucks involved in the construction project. The daily work record shows that during the week preceding the accident Louisiana Paving had been performing patching work in the proximity of the area, during which times it was the contractor's practice to reroute vehicles onto the shoulder. If the activities of Louisiana Paving were not the sole cause of the hazardous condition, its general practice of rerouting traffic onto the shoulders may have exacerbated the hazard posed by the preexisting drop-off between the road and the shoulder.
Certainly failure of Louisiana Paving to post "low shoulder" signs and its failure to correct the low shoulder (which the erecting of the posts to hold the signs demonstrated Louisiana Paving knew to have existed) combined to contribute to the accident. Likewise, the DOTD should have known of the hazardous condition; yet it took no action.
*263 Louisiana Paving cites Brummerloh v. Firemen's Ins. Co. of Newark, 377 So.2d 1301 (La.App. 3d Cir.1979), and Davis v. T.L. James and Company, 154 So.2d 640 (La.App. 1st Cir.1963), in support of its contention that it had no obligation under its contract to maintain the highway or shoulder at the site of the accident. In Davis the court found that no work had been performed by the contractor in the vicinity of the accident site, and in Brummerloh the contractor had not yet even moved construction equipment on the job. In the present case Louisiana Paving had performed patching and other work over most of the area under contract and in the vicinity of the site of the accident. In our view these cases are clearly distinguishable and are not controlling.
We, therefore, hold Louisiana Paving solidarily liable with the DOTD for the damage occasioned by its negligence.

Prescription
Louisiana Paving has raised on appeal an exception of prescription against the claim made by Terri Chambers. Her original petition, filed within the one year prescriptive period, named as defendants Patterson, Robinson and the DOTD. Mrs. Chambers did not name Louisiana Paving as a defendant in the original petition, but amended her petition to include it for the first time on March 17, 1981, more than one year after the accident and death of her husband.
The filing of suit by a plaintiff against the original defendant will interrupt the one year prescriptive period of LSA-C.C. art. 3536 as to those defendants later joined and alleged to be solidarily liable. Fontenot v. O'Brien, 361 So.2d 298 (La.App. 1st Cir.1978).
We recognize that the timely filing of a suit against a defendant not liable to the plaintiff on a tort claim would not interrupt prescription against other defendants sued after the prescriptive period had elapsed since the defendant first sued would not be a solidary debtor with the other defendants. Gibson v. Exxon Corp., 360 So.2d 230 (La.App. 1st Cir.1978), writ denied, 362 So.2d 575 (La.1978).
However, in the present case the DOTD is solidarily liable with Louisiana Paving for the tort for which recovery is sought. Thus, a suit filed timely against either of these solidary obligors interrupted prescription as to both of them. LSA-C.C. art. 2097; Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La. 1973).
Louisiana Paving was aware of the claims against it before the prescriptive period elapsed, since the plaintiffs Robinson and Watkins had timely filed against Louisiana Paving claims which arose from the same acts of negligence alleged later by Chambers. The DOTD also brought Louisiana Paving in by third party demand. Louisiana Paving had notice within the prescriptive period provided by the Civil Code that it would be required to defend claims arising out of its negligent conduct at the work site. Furthermore, the issues raised by Chambers bear a close connexity to the issues of the other consolidated cases, since the injuries all arose out of the same set of facts. The interruption of prescription here would not result in any of the usual prejudices or hardships which the concept of prescription operates to prevent.
We therefore overrule the exception of prescription raised on appeal by Louisiana Paving.

Contributory Negligence
Louisiana Paving has appealed the award to Robinson on the grounds that Robinson was contributorily negligent and therefore not entitled to recover for his injuries.
In the recent case of LeBlanc v. State, supra, the Supreme Court held the following:
"One purpose of a highway shoulder is to provide a margin of error for the safety of motorists. A highway without a shoulder or one which never permits safe deviation from the main traffic lanes would be intolerably unsafe ....

*264 [I]t does not protect a motorist against a shoulder defect or obstruction of which he has knowledge and a reasonable opportunity to avoid. But in the absence of such knowledge and opportunity, the motorist is entitled to assume that a highway shoulder is maintained in a reasonably safe condition and that his inadvertent deviation onto it will not lead to disastrous consequences." 419 So.2d 854, 856
The record supports the trial court's finding that Robinson was not negligent. Robinson was traveling on a narrow road (18 feet wide), and the right wheels of his vehicle went onto the shoulder as he was coming out of a curve. Robinson's testimony establishes that he had no prior knowledge of the hazardous condition of the roadway. A bayou ran parallel to and a relatively close distance to the right edge of the road. There was also a very large tree nearby on the right side of the road. The shoulder sloped toward the bayou. The record establishes that Robinson was faced with a well-founded fear that he might lose control of the vehicle and swerve into the bayou or the tree. Further the testimony of the expert on accident reconstruction supports a conclusion that Robinson was traveling within the speed limit.
The issue of Patterson's vicarious liability for the negligence of its employee Robinson is moot as we find no negligence on the part of the plaintiff Robinson.

Indemnity
The DOTD contends that it is entitled to indemnity from Louisiana Paving for any damages which it is obligated to pay the plaintiffs. The work being performed by Louisiana Paving was being done under a contract accepted under bid for State Project No. 5-04-19, Houma-Gibson Highway (West Section). Page 3 of the Notice to Contractors offering the project for bid states that the 1977 Edition of the Louisiana Standard Specifications for Roads and Bridges, together with additional special provisions not here relevant, shall become a part of the contract. Section 107.16 of the Louisiana Standard Specifications for Roads and Bridges sets forth the indemnity provisions governing highway contract work, and reads as follows:
"107.16 RESPONSIBILITY FOR DAMAGE CLAIMS. The contractor shall indemnify the Department, its officers and employees from all suits, actions or claims of any character brought because of any injuries or damage received or sustained by any person or property on account of the operations of the said contractor; or on account of or in consequence of any neglect in safeguarding the work; or through use of unacceptable materials in constructing the work; or because of any negligent act, omission or misconduct of said contractor; or because of any claims or amounts recovered from any infringements of patent, trademark or copyright; or from any claims for amount arising or recovered under the Workmen's Compensation Act or any other law, ordinance, order or decree; and so much of the money due the said contractor under and by virtue of his contract as may be considered necessary by the Department for such purpose, may be retained for the use of the State; or, in case no money is due, his surety may be held until such suit or suits, action or actions, claim or claims for injuries or damages as aforesaid have been settled and suitable evidence to that effect furnished to the Department; except that money due the contractor will not be withheld when the contractor produces satisfactory evidence that he is adequately protected by public liability and property damage insurance, including railroad protective liability insurance in accordance with Subsection 107.08.
Contracts legally entered into have the effect of law as between the parties LSA-C.C. art. 1901. While we recognize that generally indemnity provisions are to be strictly construed, we also must recognize that the effect to be given to the provision of the contract under consideration depends *265 upon the intention of the parties, the foremost requirement in the interpretation and construction of a contract. LSA-C.C. art. 1945. See Green v. Taca International Airlines, 304 So.2d 357 (La.1974), Breaux v. Rimmer & Garrett, Inc., 320 So.2d 214 (La.App. 3d Cir.1975).
Considering our finding that the DOTD is liable to plaintiffs (solidarily with Louisiana Paving) based on its negligence (C.C. art. 2315) as well as strict liability (C.C. art. 2317), it could be argued that the DOTD is not entitled to indemnity because the contract does not provide for indemnity from one's own negligence. A contract of indemnity will not be construed to indemnify the indemnitee against losses to him through his own negligent acts, when such intention is not expressed in unequivocal terms. This rule is equally applicable whether the damages are caused by the sole negligence of indemnitee or the concurrent negligence of the indemnitee and indemnitor. Green v. Taca International Airlines, supra.
In legal indemnity as opposed to contractual indemnity under the Civil Code, the general rule is that as between the debtors in solido each is liable for his proportionate share of the debt. LSA-C.C. art. 2103. There is an exception, however, to this rule with respect to debtors in solido for a tortious offense, that is, when one is solely at fault and the other liable merely vicariously. See LSA-C.C. art. 2106; D'Albora v. Tulane University, 274 So.2d 825 (La.App. 4th Cir.1973), writs denied 278 So.2d 504, 505 (La.1973). Indemnity in the absence of contract exists, stated another way, when one party is truly at fault and the other co-debtor is liable merely theoretically. Truxillo v. Gentilly Medical Building, Inc., 225 So.2d 488 (La.App. 4th Cir.1969); Leaber v. Jolley Elevator Corp., 354 So.2d 746 (La.App. 4th Cir.1978), writs refused 356 So.2d 1004, 1010 (La.1978).
In the present case the right to indemnity arises out of contract. Louisiana Paving (indemnitor) was obligated to the DOTD (indemnitee) under the contract to properly maintain and sign the construction site. As between them, Louisiana Paving had a duty to the DOTD (as well as to plaintiffs) to keep the highway shoulders in a safe condition. Since the DOTD had contracted with Louisiana Paving for this work, it had no duty to Louisiana Paving to perform the work itself (although the DOTD had a non-delegable duty to plaintiffs as we have discussed above).[2] If Louisiana Paving had properly performed the work, as it was contractually obliged to do, no damages would have resulted. We thus find that Louisiana Paving was primarily responsible for the unsafe condition which gave rise to the accident, and the DOTD only secondarily. It would be unreasonable to conclude that the parties to this contract did not intend the indemnity provision set forth above to cover the situation herein presented where the DOTD is liable for damages primarily because its contractor failed to perform the work it was hired to do. Given the contract before the court and the nature of the facts herein presented, it is clear that under the broad terms of the contract it was intended by the parties that in a situation in which the prime negligence was that of the contractor, indemnity would be owing from the contractor (Louisiana Paving) to the DOTD, although the DOTD was to some lesser degree at fault because this State as soverign was under a duty to the public to maintain the highways. We therefore hold that the indemnity provisions set forth in paragraph 107.16 of the contract are applicable, requiring Louisiana Paving to indemnify the DOTD for its damages and costs.

DECREE
The judgment of the trial court in favor of the State of Louisiana, Department of Transportation and Development, and against Melvin Robinson, John Dale Watkins *266 and Terri Rene Chambers, individually and on behalf of her minor child, Andy Lee Chambers, dismissing plaintiffs' demands with prejudice at their cost, is reversed and judgment is rendered as follows:[3]
Judgment is rendered in favor of Melvin Robinson and against the State of Louisiana, Department of Transportation and Development, and against Louisiana Paving Company, Inc., in solido, in the full sum of Eighty-Five Thousand and No/100 ($85,000) Dollars.
Judgment is rendered in favor of Terri Rene Chambers, individually, and against Louisiana Paving Company, Inc., in the full sum of One Hundred Ninety-Two Thousand Nine Hundred Five and 75/100 ($192,905.75) Dollars.[4]
Judgment is rendered in favor of Terri Rene Chambers, on behalf of her minor child, Andy Lee Chambers, and against Louisiana Paving Company, Inc., in the full sum of One Hundred Thousand and No/100 ($100,000) Dollars.[5]
Judgment is rendered in favor of John Dale Watkins and against the State of Louisiana, Department of Transportation and Development, and against Louisiana Paving Company, Inc., in solido, in the full sum of One Hundred Seventy-Five Thousand ($175,000) Dollars.
Judgment is rendered in favor of the State of Louisiana, Department of Transportation and Development, and against Louisiana Paving Company, Inc., indemnifying the State for all damages and costs sustained as a result of the claims asserted by plaintiffs herein.
The judgment of the trial court in taxing the fees of the expert witnesses as costs is affirmed.
In all other respects, the judgment of the trial court is affirmed.
All costs, both in the trial court and on appeal, shall be borne in solido by the State of Louisiana, Department of Transportation and Development, and Louisiana Paving Company, Inc.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
SHORTESS, J., concurs with reasons.
COLE and EDWARDS, JJ., concurs for the reasons assigned by SHORTESS, J.
SHORTESS, Judge, concurring.
I agree with the result but do not agree that DOTD was guilty of any La.C.C. art. 2315 fault in this case. Its fault, if any, comes from La.C.C. art. 2317 because as custodian of U.S. Highway 90 it had a fundamental duty to properly maintain the highway. Robertson v. Handy, 354 So.2d 626 (La.App. 1st Cir.1977), writ denied, 356 So.2d 434 (1978). A passive breach of that duty inured to the benefit of the plaintiffs in this case.
Louisiana Paving was guilty of article 2315 fault which was the primary cause of the accident in my opinion. However, DOTD's breach of its article 2317 duty and Louisiana Paving's breach of its article 2315 duty combined to produce, in solido, responsibility for plaintiffs' damages.
DOTD's third party demand against Louisiana Paving is good because it was guilty of no negligence. Louisiana Paving contracted to indemnify DOTD for any loss it sustained because of Louisiana Paving's negligence. DOTD is entitled to recover *267 the full extent of its loss, including costs and attorney fees.
I respectfully concur.
NOTES
[1] The LeBlanc Brothers were dismissed by summary judgment, which dismissal is not an issue on appeal.
[2] See astute analysis of Judge Redmann in Truxillo v. Gentilly Medical Building, Inc., 225 So.2d 488 (La.App. 4th Cir.1969).
[3] We note that the judgment of the trial court is silent as to Watkins' claim against the DOTD. However, silence on the part of the trial court with respect to a party's demands is deemed a rejection of all demands not considered. Sound Doctor Recording Studio, Inc. v. Conn, 391 So.2d 520 (La.App. 3d Cir.1980). We therefore consider the trial court's failure to mention Watkins' claim against the DOTD in the judgment as a rejection of the demand.
[4] Terri Rene Chambers neither appealed nor answered the appeal with regard to the dismissal of the claim against the State of Louisiana, Department of Transportation and Development. Hence, judgment cannot be rendered by us in favor of Mrs. Chambers and against the DOTD, since we cannot grant relief beyond that granted by the trial court. Pasqua v. Lafourche Parish School Board, 408 So.2d 438 (La.App. 1st Cir.1981).
[5] See footnote 4.