SAVOIE, Judge.
This is an appeal from a partial summary judgment in which the trial court dismissed defendant James M. Skains after granting his exception of prescription. Plaintiff also appeals the trial court’s dismissal of her claim against James E. Skains as to tort liability. We reverse and remand this case for further proceedings.
This case concerns an accident that took place on August 22, 1983, in Lafourche Parish on La. Hwy. 308. In this accident, plaintiff suffered injuries to her person and damages to her automobile when a number of bricks fell onto and into her vehicle from an oncoming truck. The flatbed truck was driven by James M. Skains and was hauling a load of bricks to Quality Brick Company in Thibodaux.
Plaintiff sent a demand letter dated August 30, 1983, to “James M. Kains [sic] d/b/a Quality Brick Co.” and a carbon copy of such letter to “James Kains [sic]” at the address of Quality Brick Company. On September 2, 1983, James E. Skains, the father of James M. Skains and co-owner of Quality Brick, sent a letter to plaintiffs counsel agreeing to pay for plaintiffs damages in lieu of insurance. Subsequently, plaintiff filed suit on August 8, 1984, naming as defendants James E. Skains d/b/a Quality Brick Company, and also Middlesex Insurance Company and Sentry Insurance Company, as her carrier of liability, collision, and uninsured motorist insurance.
Upon discovering that James M. Skains, rather than James E. Skains, was the driver of the truck, plaintiff attempted to amend her petition to add as defendants James M. Skains and his insurer, United Services Automobile Association (U.S.A. A.), and Edward Morgan d/b/a E & D Hauling Company (Ed Morgan), as the possible owner of the truck. The amended petition was filed on April 1, 1985, more than one year after the date of the accident.
An exception of prescription on behalf of James M. Skains was filed on November 8, 1985. On January 10, 1986, the trial court signed a judgment granting the exception of prescription and dismissed James M. Skains from this action. His insurer, U.S. A.A., filed an exception of prescription on January 31, 1986. In a judgment signed March 27, 1986, the trial court sustained the exception and dismissed U.S.A.A. with prejudice. On May 13, 1986, the trial court rendered judgment granting James E. Skains’ motion for summary judgment as to tort liability, but denied his motion for summary judgment as to contractual liability, finding that there existed genuine issues of material fact.
Plaintiff has devolutively appealed these judgments alleging in her assignments of error that the trial court erred in:
1. granting the exceptions of prescription in favor of United Services Automobile Association and James M. Skains when the law and evidence clearly allows for the amendments proposed to relate back to the original filing of the claim for damages.
2. refusing to take cognizance of the solidary liability among the defendants due to the owner/independent contractor, principle/agent [sic] or employer/employee relationship between the two Skains and between defendant James M. Skains and plaintiff’s uninsured motorist insurance carrier Sentry Insurance Company.
3. granting summary judgment on the issue of James E. Skains’ liability in tort.
After reviewing the record carefully, we find that the trial court erred in dismissing James M. Skains and U.S.A.A. based on their exceptions of prescription and in granting partial summary judgment in favor of James E. Skains as to tort liability.
*199 James E. Skains Liability in Tort
The trial court granted James E. Skains’ motion for summary judgment as to tort liability after finding no genuine issues of material fact to exist.
In Vermilion Corporation v. Vaughn, 397 So.2d 490, 493 (La.1981), our supreme court stated:
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. (Citations omitted).
The record shows that in reaching its decisions the trial court found as fact that the truck involved in the accident was owned by Edward Morgan. However, we find that the record contains a bill of sale dated July 28, 1983, in which Ed Morgan sold the truck along with other property to James E. Skains. The counterletter dated the same day, in which they agreed that ownership of the truck would not pass, would have no effect against third parties in good faith. LSA-C.C. art. 2028. Therefore, we find that there exists an issue of fact, i.e., ownership of the truck, which could be highly material to a determination of liability. Accordingly, the summary judgment was improperly granted and we reverse such judgment.
Prescription
Further, the trial court dismissed James M. Skains and U.S.A.A., his insurer, after finding that the original petition did not serve to interrupt prescription as to plaintiffs claim against them. The trial court based its decision on a finding that James M. Skains was an independent contractor and, therefore, not solidarily bound with his father, James E. Skains, under a relationship of employer/employee or principal/agent. Although we do not necessarily disagree with the trial court’s factual finding, we must reverse the judgments dismissing James M. Skains and U.S.A.A. as a matter of law.
Solidary obligations may derive from a different source for each obligor. LSA-C.C. art. 1797; Rabai v. First National Bank of Gonzales, 492 So.2d 90 (La.App. 1st Cir.), writ denied, 496 So.2d 354 (La. 1986). The interruption of prescription against one solidary obligor is effective against all solidary obligors. LSA-C.C. art. 1799. Prescription is interrupted when the obligee cominences action against the obligor in a court of competent jurisdiction and venue. LSA-C.C. art. 3462. The filing of suit against the original defendant will interrupt the prescriptive period as to those defendants later joined and alleged to be solidarily liable. Robinson v. State through Department of Transportation and Development, 454 So.2d 257 (La.App. 1st Cir.), writ denied, 458 So.2d 122 (La. 1984).
Plaintiff alleged both tort and contractual liability as to James E. Skains in her original petition filed August 8, 1984. In her amended petition she alleged that “the defendants James E. Skains d/b/a Quality Brick Company, James M. Skains, United States Automobile Association, Edward Morgan d/b/a E & D Hauling Company, and Sentry Insurance Company and/or Middlesex Insurance Company are justly and truly indebted unto your petitioner, in *200 solido, — ” Thus, we find that prescription as to the alleged solidary obligors, James M. Skains and U.S.A.A., was interrupted by plaintiff timely filing her original petition in a court of competent jurisdiction and venue. This is so because James E. Skains may be solidarily liable, whether in tort or contractually, with the added defendants. Therefore, we reverse the judgments of the trial court dismissing James M. Skains and U.S.A.A. on exceptions of prescription.
For the above and foregoing reasons, we reverse the judgments of the trial court granting James E. Skains’ motion for summary judgment as to tort liability and those granting the exceptions of prescription on behalf of James M. Skains and U.S.A.A. We remand this case for trial on the issues in accordance with our holding herein.
REVERSED AND REMANDED.