DOUCET, Judge.
This is an appeal from a dismissal of a third party demand filed by the State of Louisiana, Department of Transportation and Development against Louisiana Paving Company, Inc. This appeal arose out of a suit filed in 1978 by Verlon Doherty and Garnell Doherty, the plaintiffs, seeking damages for the wrongful death of their daughter resulting from an automobile accident which occurred on March 19, 1977. Named as defendants were the State of Louisiana, Department of Transportation and Development (hereinafter DOTD) and Louisiana Paving Company, Inc. (hereinafter Louisiana Paving).
FACTS .
The accident in this case occurred on Saturday, March 19, 1977. Vicki Doherty, daughter of the plaintiffs, was a passenger in a 1973 automobile owned and operated by Henry C. Phillips. The automobile was traveling in a southerly direction on Louisiana Highway 471 at about 7:15 p.m., which was during the hours of darkness.
At that time, a stretch of the highway was being overlaid with asphalt by Louisiana Paving pursuant to a contract with the DOTD, which contract was denominated as Project Number 123-01-10. Louisiana Paving had begun the overlay at the intersection of Highway 471 with U.S. Highway *683 71, and had proceeded to overlay the two lanes of the highway alternatively as the work progressed northward. The DOTD had one or more inspectors on the job at all times that work was being done by Louisiana Paving. The duty of these inspectors was to be sure that the proper signs had been put up and kept in their proper places, and to see that the overlay met all of the DOTD’s plans and specifications.
At the time of the accident, the overlay in the southbound lane extended beyond that in the northbound lane for some distance, creating an uneven centerline and a bump where the overlay ended in the southbound lane. Mr. Phillips, driving in a southerly direction, drove onto the north end of the overlay in the southbound land and shortly thereafter lost control of his vehicle and it ran off of the overlay at the center line of the roadway and into the northbound lane and then ran off of the east side of the road, flipped over and struck a tree, which resulted in the death of his passenger, Vicki Doherty.
The plaintiffs settled all of their claims against Mr. Phillips and his insurer, and then sued only Louisiana Paving and the DOTD. The plaintiffs’ petition alleges that “the accident occurred as a result of the joint and concurrent negligence of both defendants,” and further that such negligence “included, but is not limited' to the following:
“a) Failing to post proper and appropriate signs, signals and barricades informing motorists of the danger involved in travelling onto the overlaid portion of the highway;
“b) Failing to construct temporary shoulders adjacent to the overlaid portion of the roadway and generally failing to maintain the shoulders in a condition which would insure the safety of motorists travelling off the overlaid portion of the roadway;
“c) Failing to post appropriate signs, signals and barricades in the proper location in order to warn motorists of the danger of travelling onto the overlaid portion of the highway;
“d) Applying asphaltic overlay in one lane of the highway in an excessive amount and failing to apply any as-phaltic overlay in the adjacent lane in order to insure some degree of equality of the amount of overlay applied in each lane of travel;
“e) Failing to properly bevel, taper or otherwise graduate the end joint or edge of the overlay so that oncoming traffic would not be endangered by a sudden bump in the roadway;”
The plaintiffs’ petition additionally alleges that the DOTD was negligent in the following:
“f) Failing to properly inspect the area of repair and construction in order to insure that appropriate safety measures would be taken or failing to require the contractor to comply with minimal safety requirements.”
Louisiana Paving filed a third party demand for indemnity or contribution against the DOTD. The DOTD then filed a third party demand for indemnity against Louisiana Paving, claiming that the contract between Louisiana Paving and the DOTD requires that Louisiana Paving indemnify the DOTD under the circumstances of this suit. The plaintiffs then settled all of their claims against Louisiana Paving and dismissed that defendant from the lawsuit. Louisiana Paving then filed a motion for summary judgment seeking the dismissal of the third party demand against it. The trial court sustained the motion for summary judgment and dismissed the third party demand of the DOTD. From this adverse judgment the DOTD perfected this appeal, assigning two specifications of error: (1) The court erred in granting the motion for summary judgment when there were material issues of fact which require a trial on these issues and resolution thereof prior to the court reaching the point at which it could grant judgment; and (2) The court erred as a matter of law in granting the summary judgment and in failing to allow the DOTD to enforce the indemnity provisions of its contract.
*684 SPECIFICATIONS OF ERROR NOS. 1 AND 2
Article 966 of the Louisiana Code of Civil Procedure provides in pertinent part:
“B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Thus, Louisiana Paving is entitled to a dismissal of the third party demand against it if the evidence shows that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.
The DOTD maintains that it is entitled to indemnity from Louisiana Paving under the provisions of its contract with Louisiana' Paving. The contract provisions relied upon by the DOTD are from Section 107.15 of the Louisiana Standard Specifications for Roads and Bridges dated 1971, which were incorporated into the contract and which provide:
“107.15. RESPONSIBILITY FOR DAMAGE CLAIMS.
The contractor shall indemnify and save harmless the Department, its officers and employees from all suits, actions or claims , of any character brought because of any injuries or damage received or sustained by any person, persons or property on account of the operations of the said contractor; or on account of or in consequence of any neglect in safeguarding the work; or through use of unacceptable materials in constructing the work; or because of any act or omission, neglect or misconduct of said contractor; or because of any claims or amounts recovered from any infringements of patent, trademark or copyright; or from any claims for amount arising or recovered under the ‘Workmen’s Compensation Act’ or any other law, ordinance, order or decree; and so much of the money due the said contractor under and by virtue of his contract as may be considered necessary by the Department for such purpose, may be retained for the use of the state; or, in case no money is due, his surety may be held until such suit or suits, action or actions, claim or claims for injuries or damages as aforesaid shall have been settled and suitable evidence to that effect furnished to the Department; except that money due the contractor will not be withheld when the contractor produces satisfactory evidence that he is adequately protected by public liability and property damage insurance.”
In Bantin v. State, through the Department of Transportation and Development, 411 So.2d 65 (La.App.3rd Cir.1982), this Court construed a virtually identical paragraph from the 1977 edition of the Louisiana Standard Specifications for Roads and Bridges, which reads as follows:
“Section 107.16:
The contractor shall indemnify the Department, its officers and employees from all suits, actions or claims of any character brought because of any injuries or damage received or sustained by any person or property on account of the operations of the said contractor; or on account of or in consequence of any neglect in safeguarding the work; or through use of unacceptable materials in constructing the work; or because of any negligent act, omission or misconduct of said contractor; or because of any claims or amounts recovered from any infringements of patent, trademark or copyright; or for any claims for amount arising or recovered under the Workmen’s Compensation Act or any other law, ordinance, order or decree; and so much of the money due the said contractor under and by virtue of his contract as may be considered necessary by the Department for such purpose, may be retained for the use of the State; or, in case no money is due, his surety may be held until such suit or suits, action or actions, claim or claims for injuries or damages as aforesaid have been settled and suitable evidence to that effect furnished to the De *685 partment; except that money due the contractor will not be withheld when the contractor produces satisfactory evidence that he is adequately protected by public liability and property damage insurance, including railroad protective liability insurance in accordance with Subsection 107.08.”
In that case, an automobile accident in a road construction area was caused by the unusual height of a manhole above the level of the street, which caused a cross-member of the frame of the plaintiff’s car to hit the protruding manhole. If there had been a properly beveled ring of asphalt around the manhole, or if there had been proper signs and barricades, the accident would have been prevented.
The evidence showed that both the State and the contractor had employees on the job whose responsibility it was to attend to the safety of the public and to rectify any hazardous condition that might have existed. These persons had the authority and duty to order the immediate correction of any hazardous condition.
The Court agreed with the trial court’s conclusion that both the State and the contractor were negligent when they knowingly allowed the manhole hazard to exist, which was the cause of the accident, and that the lack of proper warnings or barricades, or the improper installation of the asphalt bevel around the manhole was a breach of duty by both the State and the contractor. Since both had the authority to make any necessary corrections to accomplish such a duty, both were held liable for the plaintiff’s damages.
The Court then construed Section 107.16 of the 1977 edition of the Louisiana Standards for Roads and Bridges, which is virtually identical to Section 107.15 of the 1971 edition, which is applicable in the case presently under consideration.
The Court in Bantin concluded that Section 107.16 did not impose an obligation on the contractor to indemnify the State, since the State was also negligent. The Court cited the case of Polozola v. Garlock, Inc., 343 So.2d 1000 (La.1977), in which the Supreme Court stated:
“A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms.”
Applying this rule, the Court in Bantin found no language in Section 107.16 which would make the contractor an indemnitor of the State’s own negligent act. The Court then stated that the State’s contention that it was entitled to indemnity from the contractor for its own negligent act was without merit.
The situation in the present case is quite similar to the situation in the Bantin case. The Dohertys assert that the height of the overlay was excessive and that the end of the overlay was not beveled properly so that the vehicle in which their daughter was riding could safely negotiate the bump. They also assert that signs were not properly placed so as to give adequate warning of the danger of driving onto the overlaid portion of the highway.
The deposition of Lurrie Bernard May-eux, Jr., who was the DOTD’s construction engineer on the project, was placed in the record in support of the motion for summary judgment. He stated that it was his duty to see that the road was built according to the standard plans and specifications. He also stated that at least one DOTD roadway inspector was at the construction site at all times that Louisiana Paving was on the job. The DOTD inspectors supervised the employees of Louisiana Paving. The inspectors were constantly “coring” the asphalt as it was poured to determine its height, and supervised the placement of all signs, checking them daily to be sure that the proper signs were in the proper places. The inspectors also inspected the beveling at the end of the overlaid portion to be sure that it was done according to the provisions of the contract. The inspectors had the duty to see that certain safety provisions were carried out and that the construction was performed properly. *686 The inspectors had authority to have Louisiana Paving correct any unsafe conditions. Mr. Mayeux stated that “everything had been checked out” by a DOTD inspector on the Friday night before the accident, which was the last day that any work was done on the project before the accident occurred.
This deposition shows that the DOTD was as responsible as Louisiana Paving for the height of the overlay, the beveling of the end of the overlay, and the placing of signs. Therefore, if the plaintiffs prove that the accident was caused.by the improper placement of signs or barricades, the improper height of the overlay, or the improper beveling of the end of the overlay, then the DOTD and Louisiana Paving would be joint tortfeasors. Since the indemnity provisions of the contract in this case are almost identical to those in Ban-tin, supra, we find that there is no language in those provisions which would make Louisiana Paving an indemnitor for the DOTD’s own negligent act. Accordingly, we find that the DOTD’s assertion that it is entitled to indemnity from Louisiana Paving is without merit.
If the DOTD is found not to be responsible for the accident, then it would not need indemnity. If the DOTD is found solely responsible or partially responsible because of its own negligent act, then it is not entitled to indemnity under the cited contract provisions, based on the holding in the Bantin case.
There is no dispute concerning the contract provision on which the DOTD is relying for indemnity. There is also no dispute concerning the fact that the DOTD had at least one inspector on the job at all times that Louisiana Paving was working, and that these inspectors had a duty to assure that the overlay, the placement of signs, and all other aspects of the job were done in accordance with the plans and specifications.
Thus, we agree with the trial court that there is no genuine issue of material fact that is relevant to Louisiana Paving’s motion for summary judgment and that Louisiana Paving is entitled to a summary judgment dismissing the third party demand of the DOTD.
For the above and foregoing reasons, the judgment of the trial court is affirmed, with the costs of the appeal to be paid by the defendant-appellant.
AFFIRMED.