546 So.2d 928 (1989)
Karen JONES, Plaintiff,
v.
MERRICK CONSTRUCTION COMPANY, Defendant-Appellant,
City of Alexandria, et al., Defendants-Appellees.
No. 88-385.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
Neblett, Beard & Arsenault, David O. Walker, Fuhrer, Flournoy, Hunter & Morton, Philip Hunter, Alexandria, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, Howard Gist, III, Alexandria, for defendant-appellant.
Abbott, Webb, Best & Meeks, David J. Gorewitz, New Orleans, Mayer, Smith & Roberts, Caldwell Roberts, Shreveport, for defendants-appellees.
Before DOMENGEAUX, LABORDE and KING, JJ.
DOMENGEAUX, Judge.
This is an appeal by Merrick Construction Company from summary judgment on a cross-claim ordering Merrick Construction Company to defend and indemnify the City of Alexandria and its insurer, Harco National Insurance Company, from claims asserted by the plaintiffs in two consolidated *929 cases against the City of Alexandria. The cases have remained consolidated on appeal, but we will render a separate decree in each case. (See Jones v. Merrick Construction Company, et al., 546 So.2d 930 (La.App. 3rd Cir.1989) rendered this date.)
On October 5, 1985, six year old Korry Jones drowned in Hynson Bayou in Alexandria, Louisiana. The boy's mother and father each filed separate petitions naming as defendants, the City of Alexandria, Merrick Construction Company, Pan-American Engineers, and their insurers. Plaintiffs alleged negligence and strict liability on the part of all defendants in the design and construction of a drainage project at Hynson Bayou. Because the construction site was not fenced or otherwise enclosed, the plaintiffs contended that it posed a danger to children, which danger led to the death of Korry Jones.
The sole issue upon appeal is the propriety of the district court's summary judgment in favor of the City on its cross-claim for indemnity and defense costs against Merrick Construction. The trial judge found that the construction contract between the City and Merrick provided for indemnity in favor of the City under the facts of the case. Merrick appeals that ruling, contending that the trial court did not sufficiently resolve the question of the City's negligence and therefore cannot grant summary judgment on that issue. Merrick's argument is valid; accordingly, we reverse.
The City's claim for indemnity is based on a contractual provision which requires the contractor to indemnify the City for all actions arising out of the work undertaken by the contractor pursuant to the contract. The contract specifically excludes indemnity claims which may arise out of any negligent act of the City through its agents or employees. This exclusion is effectively a restatement of La.R.S. 38:2216(E) which invalidates any hold harmless or indemnity agreement between a contractor and a public body for damages arising from the negligence of the public body. Under the terms of the contract and the law, Merrick is clearly not responsible for indemnity if the City is in any way negligent in causing the damages claimed.
Essential to the City's entitlement to indemnity, then, is a finding that the City is free from negligence. The record before us is not sufficient for such a determination to be made. In fact, the trial judge denied the City's motion for summary judgment on this very issue. Although the lower court granted summary judgment on the City's cross claim for indemnity, it simultaneously denied summary judgment on the main demand, finding that material issues of fact as to the City's liability remained unresolved.
The City urges us to adopt the rationale articulated by the First Circuit in Robinson v. State, through Department of Transportation and Development, 454 So.2d 257 (La.App. 1st Cir.1984), writ denied, 458 So.2d 122 (La.1984). The Robinson case involved a claim for indemnity by DOTD against its paving contractor who had been hired to resurface a certain roadway. DOTD was found to be negligent "in knowingly allowing a condition to exist which was hazardous to the reasonably prudent motorist," 454 So.2d at 262. The paving contractor was also negligent because it "failed to perform the work it was hired to do," which work would have prevented the accident. DOTD was entitled to indemnity because its negligence was merely secondary to the negligence of the contractor.
The Robinson case differs from the instant case in three important respects. First, Merrick Construction did perform the work it was hired to perform. The depositions which were made as part of this record show that the job was completed at the time of the accident, although the work had not been formally accepted by the City Council. The work was performed and completed in strict compliance with the contract.
Second, the Robinson case was decided after a full trial on the merits, not after consideration of a motion for summary judgment. The Robinson record contained sufficient facts to determine the exact nature of the negligence of all defendants. *930 We can not do likewise with the record before us.
Finally, the cause of action in Robinson arose prior to the effective date of La.R.S. 38:2216(E). (See 1980 La. Acts No. 683, effective June 24, 1980.) Robinson was decided without regard to that provision which limits indemnity to those public bodies which are free from negligence. The statute makes no distinction between active and passive negligence, but it does implicitly allow indemnity in cases of strict liability on the part of the public body. Robinson has therefore been superseded by statute.
The City urges us to view the Robinson case as holding that the mere existence of a contract between a public body and another renders any negligence on the part of the public body as passive negligence for which only vicarious liability attaches. We decline to so hold. Only after a full trial on the merits can the City's negligence, or lack thereof, be determined. The indemnity provision of the City's contract with Merrick will be enforceable only if the City is found to be free from all negligence, regardless of the nature of the negligence. Doherty v. Dept. of Transp. and Dev., 536 So.2d 682 (La.App. 3rd Cir. 1988).
The Louisiana Code of Civil Procedure, Article 966(B), provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The issue of the City's negligence is a question of material fact which must be considered by the lower court. In both Robinson and Bantin v. State, through Department of Transportation and Development, 411 So.2d 65 (La.App. 3rd Cir.1982), the issue of DOTD's negligence was fully considered at trial. DOTD was found to be negligent in both cases. In Bantin, we denied indemnity in favor of DOTD because the contract did not specifically allow for indemnity in the event of negligence on the part of the indemnitee. In Robinson, the First Circuit allowed indemnity in favor of DOTD because DOTD's negligence was found to be merely passive or vicarious. Although these cases reach opposite results, they illustrate the need for a full consideration of the negligence issue.
The record does not contain sufficient facts to determine the cause of the accident, nor does it disclose the importance of the fact that the work was completed by Merrick prior to the accident. These and many other questions must be answered before indemnity can be granted or denied.
For the above and foregoing reasons, we hold that the trial court erred in granting the City of Alexandria's motion for summary judgment on its claim for indemnity from Merrick Construction Company.
It is ORDERED, ADJUDGED, and DECREED that the judgment of the lower court be reversed and set aside and the case remanded for trial on the merits.
REVERSED and REMANDED.