573 So.2d 526 (1990)
RECOTTA TRUCKING COMPANY, INC. and Alison Duplantis
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT and Boh Bros. Construction Co., Inc.
No. 90-CA-0546.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
Rehearing Denied February 21, 1991.
Writ Denied April 5, 1991.
William J. Guste, Jr., Atty. Gen., Jessie James Marks, Lois C. Davis, Asst. Attys. Gen., Louisiana Dept. of Justice, New Orleans, for defendant/appellant, State of La.
H.F. Foster, III, J. Edward Thompson, John E. McAuliffe, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant/appellee, Boh Bros. Const. Co., Inc.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
BARRY, Judge.
Boh Bros. Construction Co. contracted with the State Department of Transportation *527 & Development to perform construction work at the intersection of Interstate 10 and Causeway Boulevard. On August 26, 1986 the State filed an acceptance of the contract with the Orleans Recorder of Mortgages.
On November 22, 1987 Alison Duplantis was injured when a truck in which she was a passenger left the road and overturned at the intersection. Duplantis and Recotta Trucking Company, owner of the truck, filed suit against the State and Boh Bros. claiming that the accident was due to defects in the asphalt road bed caused by the negligent construction and maintenance by Boh Bros.
Boh Bros. responded with exceptions of no right or cause of action and moved for summary judgment based on the State's acceptance of its work. Boh Bros.' exceptions were maintained and summary judgment was granted.
The State answered the petition and filed a third party demand against Boh Bros. alleging that it was contractually required to indemnify the State for all damages resulting from Boh Bros. performance of the contract. Boh Bros. responded with exceptions of no cause of action, res judicata and vagueness, and moved for summary judgment.
On February 20, 1990 the trial court rendered summary judgment maintaining no cause of action and dismissed the State's third party demand with prejudice. The trial court held that pursuant to La.R.S. 38:2216(E) Boh Bros. was not liable as a matter of law. The State now argues that the trial court erred.
At the time this action arose La.R.S. 38:2216(E) read as follows:
It is hereby declared that any provision contained in a public contract, other than a contract of insurance, providing for a hold harmless or indemnity agreement, or both, from the contractor to the public body for damages arising out of injuries or property damage to third parties caused by the negligence of the public body, its employees or agents are contrary to the public policy of the State of Louisiana, and any and all such provisions in any and all public contracts issued after the effective date hereof, are null and void.
R.S. 38:2216(E) only bars a contractor from indemnifying a public body for damages to third parties caused by the public body's negligence. It does not bar a contractor from indemnifying the public body for damages due to defective work performed by the contractor. Jones v. Merrick Construction Company, 546 So.2d 928 (La.App. 3rd Cir.1989), writ denied 551 So.2d 631 (La.1989).
Boh Bros. had also argued that it could not be liable to the State as a matter of law since the State filed an acceptance of the work, thereby indicating that the work had been completed according to the contract. See La.R.S. 38:2241.1.
An owner's recordation of acceptance of work does not insulate the contractor from tort liability for defective workmanship. R.S. 9:2772 provides in pertinent part:
A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought ... against any person performing... the construction of an improvement to a movable property.
(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner....
Boh Bros. claims that it is not liable for defects, destruction or deterioration for work performed according to the State's plans and specifications. La.R.S. 9:2771. However, R.S. 9:2771 is not an absolute bar to tort liability. Rather, it relates to a contractor's responsibility to an owner to repair or replace defective work. When a third party is injured the statutory immunity provided by R.S. 9:2771 applies when the contractor has no reason to suspect that deficiencies in the plans and specifications would create a dangerous situation. Van Alton v. Fisk Electric, Inc., 531 So.2d 1175 (La.App. 4th Cir.1988).

*528 STANDARD FOR SUMMARY JUDGMENT
La.C.C.P. Art. 966(B) provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The issue of Boh Bros.' liability is a question of material fact which must be considered by the lower court. The trial court erred in dismissing the State's third party demand by summary judgment.
The summary judgment in favor of Boh Bros. Construction Co., Inc. dismissing the State's suit is reversed and set aside. The case is remanded for further proceedings.
REVERSED AND REMANDED.