385 So.2d 878 (1980)
Shirley Sanders JOHNSON, Individually and as Natural Tutrix of Lakita Johnson, Willie Johnson, III, Antonio Johnson, and Andrea Johnson, Plaintiffs-Appellants,
v.
CHICAGO MILL AND LUMBER COMPANY, Defendant-Appellee.
No. 14159.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1980.
Samuel Thomas, Tallulah, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for defendant-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
The widow and minor children of a decedent appeal a summary judgment rejecting their demands for wrongful death against the corporate employer of the decedent who was fatally injured on the employer's premises while employed as a boiler attendant. LRS 23:1032. We affirm the summary judgment.
Decedent's death occurred when a pile of firewood collapsed on him as he was attempting to load some of it on a conveyor belt to a boiler at the sawmill.
*879 These facts were alleged by plaintiffs and are not contested by defendant, who has been, and is paying, worker's compensation death benefits. To plaintiffs' tort action, however, defendant's no cause exception was sustained. Plaintiffs amended their petition and defendant then moved for summary judgment which was directed at plaintiffs' allegation that the decedent was "outside" his occupation and course and scope of employment when the accident occurred. Affidavits filed in support of the motion for summary judgment clearly establish that decedent was in the course and scope of his employment when fatally injured. Plaintiffs filed no counter affidavits and the motion for summary judgment was correctly sustained. Shepard v. Louisiana Power & Light Co., Inc., 369 So.2d 1196 (La.App. 2d Cir. 1979).
Plaintiffs first alleged that the defendant willfully and wantonly and knowingly kept the firewood piled in an unsafe and dangerous manner and that the decedent's death was caused by the negligence of the employer. After the exception of no cause was sustained (LRS 23:1032), and at the hearing on the motion of summary judgment, plaintiffs filed a second amended petition, alleging that the employer "intentionally left the material [piled] in a dangerous and unsafe manner, knowing this... could cause ... death..." This allegation was made in an attempt to bring this decedent's death into the category of an intentional act of an employer toward an employee which may still render an employer liable in tort, notwithstanding the exclusivity of the worker's compensation remedy.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." § 1032, in part.
The meaning of intentional act in the statute was discussed in Guidry v. Aetna Cas. & Sur. Co., 359 So.2d 637 (La.App. 1st Cir. 1978), writ refused, in the light of factual allegations not dissimilar to the allegations here. There the plaintiff alleged that the individual owner of the restaurant, the defendant employer, deliberately placed at eye-level an extremely sharp knife in a highly dangerous position with the blade extended over the shelf on which it was placed, directly beside the employee, deliberately and knowingly exposing the employee to the risk of injury. The Court of Appeal affirmed the trial court's sustaining of an exception of no cause of action to the employee's suit for damages over the employee's contention that the placing of the knife in such a position was an intentional act within the meaning of the statute, for which the employer would be liable in damages. We adopt here this paraphrase of that court's answer.
To subject an employer liable for damages sustained by an employee in the course and scope of his employment, it must be alleged that the employer consciously committed an act which the employer actively desired and believed was substantially certain to result in injury to the employee. Otherwise, the employee's petition fails to state a cause of action for damages against his employer.
The Guidry action was against an individual employer. This action is against a corporate employer, but the legal result is the same. Even if we choose to honor the principle of Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980), that case is highly inapposite because the defendant there was not the employer, but a co-employee of the plaintiff. See Malone-Johnson, Worker's Compensation, "What Constitutes A Compensation Remedy", Vol. 14, § 365, pp. 161-166. See Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir. 1979).
Plaintiffs' factual allegations are not changed by the last amendment (that the employer intentionally left the material piled in a dangerous manner, knowing that this could cause death). The employer's exception of no cause of action, which was sustained before summary judgment, was directed at plaintiffs' allegations that the employer willfully and knowingly kept the *880 material piled in a dangerous manner. Willful has been given the same meaning in the law as intentional (intending the result). See Rushing v. State, through La. Health, etc., 381 So.2d 1250 (La.App. 1st Cir. 1980). See also Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App. 1st Cir. 1979); Courtney v. BASF Wyandotte Corporation, 385 So.2d 391 (La.App. 1st Cir. 1980).
We notice plaintiffs' failure to state a cause of action against the employer even in the most recent amendment filed at the hearing on the motion for summary judgment. CCP 927.
The summary judgment appealed from is AFFIRMED at appellant's cost.