393 So.2d 779 (1981)
Robert H. WILSON, Plaintiff-Appellant,
v.
The WERNER COMPANY, INC., Defendant-Appellee.
No. 14372.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
Glen H. Smith, Shreveport, for plaintiffappellant.
Mayer, Smith & Roberts by Caldwell Roberts, Shreveport, for defendant-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
*780 PRICE, Judge.
Plaintiff, Robert H. Wilson, brought this action seeking recovery for personal injuries received in a construction site accident. The trial court sustained a peremptory exception of no right or cause of action filed by defendant, The Werner Company (Werner), and dismissed plaintiff's claim as to it. Plaintiff appeals this judgment, and for the reasons assigned, we affirm.
Werner was the general contractor for an addition to the Physicians & Surgeons Hospital (P & S) in Shreveport. Plaintiff was employed directly by Brown Erection Company, a subcontractor on the project. On October 4, 1977, plaintiff sustained the injuries complained of when he fell from the third floor of the unfinished addition while engaged in the performance of his duties as an iron worker.
On October 3, 1978, plaintiff instituted this action against Werner alleging that his injuries were caused by the negligence of Werner in failing to provide a safe place to work. Through supplemental and amending petitions, plaintiff added P & S Hospital and certain supervisory personnel of Werner as additional defendants. Plaintiff further amended his petition to allege that his injuries resulted from the intentional acts of Werner in wantonly disregarding applicable safety regulations.
Werner excepted to plaintiff's allegations on the basis that it was plaintiff's "statutory employer" under the provisions of La. R.S. 23:1061, and therefore plaintiff's sole remedy is for workmen's compensation benefits under La.R.S. 23:1032. The trial court agreed with Werner's position and sustained the exceptions.
Plaintiff contends on appeal that his injuries were caused by Werner's intentional acts and thus La.R.S. 23:1032 would not preclude this suit. Alternatively, plaintiff contends that Werner was not his "statutory employer," therefore La.R.S. 23:1061 is not applicable.
Plaintiff's primary position on this appeal was developed by his third supplemental petition in which he attempted to allege the basis for the intentional tort exception to the immunities afforded an employer by the compensation statute as provided in La.R.S. 23:1032:
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
Plaintiff contends that liability under the above provision is predicated upon intentional acts, and that the wording of the statute does not equate an act to a tort. This argument is without merit. This court has recently interpreted § 1032 in Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La.App. 2d Cir. 1980). Pertinent to this case is the following statement:
To subject an employer liable for damages sustained by an employee in the course and scope of his employment, it must be alleged that the employer consciously committed an act which the employer actively desired and believed was substantially certain to result in injury to the employee. Otherwise, the employee's petition fails to state a cause of action for damages against his employer. Johnson, supra.

There are no allegations of facts in plaintiff's pleadings which indicate that Werner or any of its employees entertained a desire to bring about plaintiff's accident, or that they could have believed that the result was substantially certain to follow anything they did or failed to do. Plaintiff's bare allegations that Werner wantonly disregarded applicable safety regulations fail to avoid the primary effect of § 1032 which is to limit an employee's action against his employer to his workmen's compensation remedy. Cf. Erwin v. Exello Corporation, 387 So.2d 1288 (La.App. 1st Cir. 1980).
In seeking to limit its liability to plaintiff, Werner relies on the provisions of La.R.S. 23:1061 which provides in pertinent part as follows:
Where any person (in this section referred to as principal) undertakes to execute *781 any work, which is a part of his trade, business, or occupation of which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ...
In the instant case plaintiff was directly employed by Brown Erection, a subcontractor of Western Concrete Structure, Inc., which was in turn a subcontractor of Werner. Werner purchased erected steel from Western which in turn sublet the actual erection of the steel to Brown Erection, plaintiff's immediate employer.[1] Plaintiff contends that Werner was not in the business of erecting steel, therefore § 1061 is not applicable because plaintiff was involved in the installation of materials which were unrelated to Werner's trade, business, or occupation. Plaintiff cites the case of Moak v. Link-Belt Co., 229 So.2d 395 (La.App. 4th Cir. 1969), reversed in part 257 La. 281, 242 So.2d 515 (1970), in support of this argument. The Moak case is inapposite to the facts at hand. In Moak the plaintiff was an employee of a contractor engaged in constructing and installing a conveyor system for a sugar refinery. The plaintiff in Moak was injured and brought suit against the sugar refinery (owner) which in turn interposed the statutory employer defense of § 1061. The court held that the construction and installation of a conveyor system was not part of the business of refining sugar, and therefore the refinery was not a statutory employer and the suit was allowed.
The sugar refinery made defendant in Moak occupied the same posture as P & S Hospital does in the instant case.[2] Plaintiff's petition clearly alleges that Werner is the general contractor employed by P & S to construct the addition. Consequently, any work on the addition which the general contractor sublet would be part of the general contractor's regular trade, business, or occupation within the contemplation of § 1061. See Fultz v. McDowell, 344 So.2d 410 (La.App. 1st Cir. 1977); Malone and Johnson, Workers' Compensation Law and Practice, Section 126 (2d Edition).
It is immaterial that plaintiff alleges himself to be an employee of a subcontractor of a subcontractor of the principal. The purpose of § 1061 is to prevent employers from evading their compensation responsibility by interposing an independent contractor or subcontractor between themselves and their employees. Malone and Johnson, supra Section 121. If Werner is held not to be plaintiff's statutory employer simply because there are two intermediary subcontractors between Werner and plaintiff, all employers could avoid the effect of § 1061 by simply adding another layer of subcontractors between themselves and workers similarly situated to plaintiff.
Having concluded that Werner is the statutory employer of plaintiff within the meaning of La.R.S. 23:1061, we are of the opinion that the trial court was correct in sustaining Werner's exception. Plaintiff's right to receive workmen's compensation under § 1061 is his exclusive remedy against Werner and this tort action was properly dismissed by the district court. See La.R.S. 23:1032, as amended by Acts 1976, No. 147; Pullig v. Shreveport Packing Co., 342 So.2d 1217 (La.App. 2d Cir. 1977).
For the reasons assigned the judgment appealed is affirmed at plaintiff-appellant's cost.
NOTES
[1] The mere fact that the relationship between Werner and Western may have elements of sale present will not prevent Werner from occupying the position of plaintiff's statutory employer if the other elements required by § 1061 are present. See Hart v. Richardson, 272 So.2d 316 (La. 1973).
[2] The judgment appealed dismissed plaintiff's claim only insofar as it pertained to Werner. We pose no opinion as to the relationship between plaintiff and the P & S Hospital.