434 So.2d 158 (1983)
Kenneth J. MADDIE
v.
PLASTIC SUPPLY & FABRICATION, INC. et al.
No. 82-CA-90.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Writ Denied May 23, 1983.
*159 Carl W. Cleveland & Associates, Dawn Barrios, New Orleans, for plaintiff-appellant.
Molony, Nolan, North & Riess, Douglas A. Kewley, Metairie, Stanley E. Loeb, New Orleans, for defendants-appellees.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action to a tort suit involving a work related injury brought by an employee, Kenneth Maddie, plaintiff-appellant, against his employer, Plastic Supply & Fabrication, Inc., and its owner-manager, Leonard Malone, defendants-appellees. We affirm because we find that the petition sets forth no material facts which if proven would establish an intentional tort on the employer's part as required by La.R.S. 23:1032 to defeat the exclusive provisions of the workmen's compensation laws.
The facts alleged in the petition are as follows. Plaintiff contends that his right hand was severed at the wrist while he was cutting plastic sheeting with a power saw during the course and scope of his employment. He further contends that he was improperly trained for the job, that the saw was dangerous to use, regularly malfunctioned, had previously injured other employees, and was improperly designed and built by Malone, his supervisor. He contends as well that he had been required by Malone to make "gang cuts" of several sheets of plastic to increase the speed of the operation when the accident occurred, and that such cuts rendered the saw even more dangerous than when used to cut individual sheets. He also contends that Malone knew that the saw was dangerous and occasionally malfunctioned because he frequently used the machine himself and thus had personal experience of these difficulties. *160 Plaintiffs final allegation is that Malone knew that injury to an employee was substantially certain to follow from continued use of the saw.
The single issue before us is whether plaintiff has stated a cause of action for intentional tort. If he has not, then under La.R.S. 23:1032, he has no cause of action in tort against his employer or supervisor.
It is undisputed that one exception to the exclusivity of the state's workmen's compensation scheme is an "intentional act" on the part of an employer which causes injury to an employee, La.R.S. 23:1032. Only such an act subjects the employer to liability in tort. In the leading case of Bazley v. Tortorich, 397 So.2d 475 (La.1981) the court established that an "intentional act" within the contemplation of the statute is an intentional tort. That case further established that the test for an intentional tort is either that the employer consciously desired the consequences of his act, or he knew that the result was certain or substantially certain to follow from his conduct.
Here, there is no allegation that Malone consciously desired to injure Maddie. Our inquiry is, therefore, whether the material facts alleged are sufficient to establish that Malone knew that continued use of the saw was so certain or substantially certain to result in injury that the law should treat him as if he desired such a result.
Our understanding of the reasons underlying the "certain or substantially certain" test enunciated in Bazley, supra, is that because subjective intent is a state of mind and therefore extremely difficult, if not impossible, to prove without an actual admission by the tortfeasor, a plaintiff can nonetheless prevail if the material facts in his favor are such that the law will impute intent without reference to the subjective state of mind of the tortfeasor. More specifically, if a reasonable person must have perceived that the act was substantially certain to cause injurious consequences, then the tortfeasor will be treated by the law as if he intended those consequences, whether he in fact intended them or not. Thus, an employer who attacks an employee and repeatedly beats him in the head with a hammer will not be heard to claim that his actual intent was to reprimand the worker because repeatedly striking someone in the head with a hammer is certain or substantially certain to result in injury. Similarly, to use Prosser's example, one who throws a bomb into the king's carriage and kills a passenger will not escape liability for intentional tort on the passenger on the grounds that he only intended regicide. W. Prosser, Law of Torts, § 8 (4th ed. 1971).
It may well be that in the first case the tortfeasor subjectively intended only a reprimand, and in the second actually meant no harm to the passenger. However, in both cases the behavior was so certain to cause injury that the tortfeasors are imputed by law as having actually intended the harms.
The point to be made is that this legal imputation of intent is a conclusion which depends on the factual circumstances surrounding the act and the resulting injury. It is not in itself a factual allegation which establishes a cause of action for intentional tort by its mere pleading, Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981).[1] The question before us is not, therefore, whether plaintiff has alleged that defendant knew that injury would certainly occur, but rather, whether plaintiff has set forth facts which could possibly lead to the legal conclusion that the employer acted in a manner so certain to cause injury that intent is to be imputed. We conclude that he clearly has not.
Plaintiff's basic assertions are that the saw was dangerous, that Malone knew it to be dangerous, because he frequently used it himself and knew of prior injuries to *161 other employees, and that Malone therefore knew that injury was certain to result from continued use of the machine. Accepting these facts as true, plaintiff has simply not alleged any act on the part of Malone which would permit the law to treat him as though he committed an intentional tort. The mere knowledge that a machine is dangerous and therefore that its use creates a high probability that someone will eventually be injured from such use is not the substantial certainty needed here to state a cause of action. Requiring an untrained employee to use such a machine to make "gang cuts" may well be negligence, or even gross negligence, but it fails to rise to that level of certainty from which the law can impute intent.
We are reinforced in this conclusion by the very fact alleged in the petition that Malone frequently used the saw himself without suffering any injury therefrom. Such uneventful use demonstrates conclusively that the saw was not so certain to cause injury as to impute intent to Malone.
Plaintiff simply confuses probability and substantial certainty. His argument, reduced to its essentials is that if an occupation or industry is dangerous, then eventually someone will certainly be injured, and thus an employer in such a business must necessarily know that injury is certain to occur. To accept this line of reasoning would mean that any employer with knowledge of prior injuries in his occupation or industry, or who is aware of statistical or actuarial data showing such injuries, would be liable in intentional tort for all subsequent injuries to his employees. Clearly, this is not what was intended by the legislature in exempting "intentional acts" from the exclusive provisions of the compensation laws, and this court is without authority to so construe the statute in question, cf. Bazley v. Tortorich, supra.
For the foregoing reasons, the judgment of the district court sustaining the exception of no cause of action is affirmed.
AFFIRMED.
CHEHARDY, J., concurs with reasons.
CHEHARDY, Judge, concurring.
The Supreme Court in Bazley v. Tortorich, 397 So.2d 475, 482 (1981), stated:
"* * * Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Waldrop v. Vistron Corp., 391 So.2d 1274 (La.App.1980); McGuire v. Honeycutt, 387 So.2d 674 (La. App. 3d Cir.1980); Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La. App. 2d Cir.1980); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.) writ denied 386 So.2d 359 (La. 1980); Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App. 1st Cir. 1979), cert. denied 382 So.2d 164 (1980); Frazier v. Woodward, 378 So.2d 209 (La. App. 4th Cir.1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir.1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir.1979); Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La. App. 1st Cir.) writ denied, 362 So.2d 578 (La.1978). * * *"
The court then goes on to state:
"* * * Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8."
It thus appears that earlier courts of appeal's interpretation of the meaning of "intent" in LSA-R.S. 23:1032 as amended by Act 147 of 1976 has either been overruled by the Supreme Court in Bazley, supra, or at any rate the meaning has been so broadened as to effectively do away with the earlier definition of the courts of appeal. In doing away with the earlier definition unless we include in the definition "should have known that the result would follow" there exists a distinction without a difference. Why? Under the Supreme Court *162 definition in Bazley one must desire the result or know that the consequences are substantially certain to result. It is imperative that a responsibility be placed on the actor, not simply that he knows the result but that he should have known the result of his action. The "should have known" standard is preferable in that it is an objective standard. The desired or known result standard is subjective and thus the distinction without a difference. Accordingly, I interpret the broadened definition of "intentional" as set forth in Bazley to include the objective "should have known" standard. This thinking would be in line with the view expressed in W. Prosser, The Law of Torts, Ch. 2, § 8 (4th ed. 1971), at 31-32:
"Intent, however, is broader than a desire to bring about physical results. It must extend not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what he does. An anarchist who throws a bomb into the royal carriage may actually wish to kill no one but the king; but since he knows that the death of others in the carriage is a necessary and almost inevitable incident to that end, and nevertheless goes ahead with the deed, it must be said that he intends to kill them. The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he had intended it. The driver who whips up his horses with a loud yell while passing a neighbor's team will not be credited when he denies that he intended to cause a runaway; and the defendant on a bicycle who rides down a man in full view on a sidewalk where there is ample room to pass may find the court unwilling to accept his statement that he did not mean to do it."
I concur in the result because the allegations do not satisfy the new definition of "intent" as laid down by Bazley v. Tortorich, supra.
NOTES
[1] We are aware of the contrary conclusion reached in Hurst v. Massey, 411 So.2d 622 (La.App. 4th Cir. 1982). We express no opinion as to the result reached there, but we decline to follow the reasoning of our brethren for the reasons set forth above in our analysis of imputed intent.