451 So.2d 1237 (1984)
Gregory VAN ALTON
v.
FISK ELECTRIC, INC., General Electric Company, Sam P. Wallace Company, Inc., Simpson Manufacturing Company, Inc., Steven Gendusa, Arthur De Laup, Percy Naquin, and John Orr.
No. CA 1634.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
*1238 Lawrence D. Wiedemann, W. Lloyd Bowers, Wiedemann & Fransen, New Orleans, for plaintiff-appellant.
Craig R. Nelson, Hulse, Nelson & Wanek, New Orleans, for defendants-appellees (Steven Gendusa, Percy Naquin and John Orr).
Before SCHOTT, LOBRANO and WARD, JJ.
SCHOTT, Judge.
This is a suit for personal injuries sustained by plaintiff in an industrial accident on March 28, 1982. Plaintiff bases his claim against his employer's executive officers on their alleged intentional act pursuant to LSA-R.S. 23:1032. The case is before us on plaintiff's appeal from a judgment which sustained an exception of no cause of action filed by three executive officers of plaintiff's employer, the Hyatt Regency Hotel.
Plaintiff alleged the following: He was employed as a maintenance engineer at the hotel on the day of the accident when a power outage occurred. After attempting to restart two air conditioning chillers he called the chief engineer, Steve Gendusa, one of the defendants, for assistance. After Gendusa unsuccessfully tried to start the chiller he secured a voltage meter and, accompanied by plaintiff he opened the door of the electrical panel next to the chiller. He handed the meter to plaintiff and placed the meter leads on each side of a fuse in the panel box; whereupon the voltage meter plaintiff was holding exploded and plaintiff was severely burned. The petition continued as follows:
"XV.
At all times pertinent, Steven Gendusa, Arthur DeLaup, Percy Naquin, and John Orr were executive officers of the Hyatt Corporation and, as such, they had a personal duty, obligation and responsibility, delegated to them by the corporation, to Gregory Van Alton to provide him with a safe place to work, safe and sound tools and equipment, and to enact and enforce safety rules and regulations pertaining to the operation and maintenance of hotel machinery and equipment."
"XXVII.
The aforesaid executive officers knew that the aforesaid equipment was defective and with that knowledge knowingly required plaintiff to work with same with the knowledge, or belief, that the consequence of the use thereof was certainly, or substantially certain, to result in injury to plaintiff."
In sustaining the exception the trial court cited LSA-R.S. 23:1032 and Bazley v. Tortorich, 397 So.2d 475 (La.1981).
R.S. 23:1032 provides that the benefits of the worker's compensation statute are exclusive as to traditional tort remedies except in the case of an intentional act committed by a superior or co-worker. In the Bazley case the court defined an intentional act as one where the actor consciously desires the physical result of his act whatever the likelihood of that result following or one where the actor knows that the result is substantially certain to follow whatever his desire may be as to that result.
While Article XXVII of plaintiff's petition alleges an intentional act under Bazley's second definition defendants correctly point out that the courts in Maddie v. Plastic *1239 Supply & Fabrication, Inc., 434 So.2d 158 (La.App. 5th Cir.1983) writs refused 435 So.2d 445 and Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981) writs refused 410 So.2d 1135, considered similar allegations to be insufficient to state a cause of action. These courts reasoned that such allegations were conclusory and failed to allege facts to support such conclusions.
On the other hand this court in Hurst v. Massey, 411 So.2d 622 (La.App. 4th Cir. 1982) concluded otherwise. Faced with allegations similar to those in this case the court recognized the difficulty of making factual allegations to support one's frame of mind and concluded that such allegations were sufficient to state a cause of action.
Finally, in Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984) the Supreme Court resolved the conflict among these cases and put the problem to rest. The court held that it was permissible for the employee to plead the intent element of his intentional tort cause of action generally and without particularity. A comparison between the Valentine allegations found in this court's opinion, 430 So.2d 1068 (La. App. 4th Cir.1983) and the allegations in the instant case compels a conclusion that the latter are sufficient to state a cause of action.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of plaintiff, Gregory Van Alton, and against defendants, John Orr, Percy Naquin, and Steven Gendusa, overruling their exception of no cause of action. The case is remanded to the trial court for further proceedings. The costs of this appeal are assessed against defendants with the assessment of other costs to await the outcome of the case.
REVERSED AND REMANDED.