531 So.2d 1175 (1988)
Gregory VAN ALTON
v.
FISK ELECTRIC, INC., et al.
No. 88-CA-0265.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
Lawrence D. Wiedemann, W. Lloyd Bowers, New Orleans, for plaintiff/appellant.
Thomas M. Nosewicz, Bruce J. Brumfield, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants/appellees.
Before WARD, WILLIAMS and PLOTKIN, JJ.
PLOTKIN, Judge.
This is a suit for damages sustained by Plaintiff Gregory Van Alton when he was injured in an industrial accident. Joined as defendants were Fisk Electric Co., Inc., (Fisk), and its insurer, Liberty Mutual Ins. Co., and the Sam Wallace Co. and its insurer, *1176 Fireman's Fund Ins. Co.[1] Plaintiff's case against defendants Fisk and Liberty Mutual Ins. Co. was dismissed on their motion for summary judgment and he appeals.
Plaintiff, a maintenance engineer working within the course and scope of his employment for the Hyatt Regency Hotel at one a.m. on March 28, 1982, was unable to correct a power outage in the hotel air conditioning system. Plaintiff summoned his superior, Steve Gendusa, who decided to check the electrical current in the fuses in the panel box. The air conditioning system consisted of two 2000 ton chillers controlled by two fuse panels; the panels were approximately 50' to 75' from the chillers and were not marked to indicate which panel controlled which chiller. Gendusa turned off what he supposed to be the current to one chiller and, asking plaintiff to hold a voltage meter, fastened the meter leads to each side of a fuse in the panel box. The voltage meter exploded burning plaintiff severely.
ASSIGNMENT OF ERROR
Plaintiff contends that because Fisk was responsible for the location and labelling of the fuse panels and connecting the panels to the chillers, the trial court erred in granting summary judgment when material issues of fact existed regarding Fisk's negligence. Fisk argues that the installation of the electrical wiring was according to the design and specification furnished by the Sam Wallace Company.
In his reasons for judgment the trial court stated:
(t)he Court concludes that there is no issue of material fact with respect to the negligence of Fisk Electric, but the Court does find there is an issue of fact as to whether or not Sam Wallace Company the insured of Fireman's Fund Insurance Companyshould have had the responsibility for marking the powerboxes and fuseboxes correlating them to the particular chiller units.
In argument before this court, both parties concede that there is no evidence in the record that the Sam Wallace Company, which installed the air conditioning system, was responsible for labelling the power boxes.
SUMMARY JUDGMENT
Civil Procedure Articles 966 and 967 set out the standards for granting a Motion for Summary Judgment; they state in pertinent part:
Art. 966 Motion for Summary Judgment; procedure
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Art. 967 Same; affidavits
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials for his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The Supreme Court in Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981), addressed the issue of the mover's burden of proof in a summary judgment procedure:
Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); United States v. Diebold Inc., 369 U.S. 654, 82 S.Ct. 993, 8 *1177 L.Ed.2d 176 (1962); Mashburn v. Collin, 355 So.2d 879 (La.1977). To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Adickes v. S.H. Kress & Co., supra; Sartor v. Arkansas Nat. Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944). The papers supporting mover's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. Adickes v. S.H. Kress & Co., supra; 6 Moore's Federal Practice, § 56.15[3].
Application of these rules to the case at bar indicates that there is an issue of material fact. The plaintiff-appellant offered into evidence the deposition of Steve Gendusa which stated that the panel boxes were located 50' to 75' from the chillers they controlled and that there was no indication of which fuse box energized which air conditioning unit. Thus, when we closely scrutinize Fisk's motion and indulgently view the opposing deposition, we are led to conclude that a genuine issue of material fact remains as to whether or not Fisk was responsible for labelling the panel boxes.
Fisk argues that because the electrical system was installed according to the contractor's design and specifications, LSA-R.S. 9:2771 protects Fisk from liability. LSA-R.S. 9:2771 provides:
No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this section shall not be subject to waiver by the contractor.
We find, as did the court in Ortego v. State Bank and Trust Co. of Golden Meadow, 316 So.2d 826 (La.App. 1st Cir.1975), that the statutory immunity provided for in R.S. 9:2771, in situations where a third party is injured, is applicable only when the "contractor has no reason to doubt the deficiencies contained in such plans and specifications would lead to a dangerous situation." The Ortego court further held that whether the condition at issue was the responsibility of the contractor was a question for the trier of fact.
Accordingly, the judgment granting Fisk's motion is reversed and set aside. The matter is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
WILLIAMS, J., concurs.
WILLIAMS, Judge, concurs.
A contractor should not be allowed to escape liability by way of R.S. 9:2771 for knowingly creating a dangerous situation. This statute is properly interpreted not to relieve the contractor of liability when he recognizes the plan's deficiencies. See also Pascal, Civil Code and Related Subjects: Part I, 19 La.L.Rev. 53, 63 (1958).
Whether the defendant recognized the deficiencies is an issue of material fact and thus the matter should be remanded for a proper determination.
Accordingly, I respectfully concur.
NOTES
[1] This court considered another appeal out of this accident in Van Alton v. Fisk Electric Co., Inc., 451 So.2d 1237 (La.App. 4th Cir.1984), where plaintiff successfully appealed from a lower court judgment sustaining an exception of no cause of action filed by three executive officers of the Hyatt Regency Hotel.