608 So.2d 294 (1992)
Lacy SUAREZ
v.
AMERICAN PECCO CORPORATION, Broadmoor Corporation, Metropolitan Erection Co., Inc., Boh Bros. Construction Co., Inc., and Prattini Electric Company, Inc., et al.
No. 92-C-1442.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1992.
Rehearing Denied December 16, 1992.
*295 Henri Wolbrette, III, Arthur H. Leith, Margaret Woolverton Triebes, and Lawrence J. Centola, Jr., New Orleans, for relators.
J. Robert Ates, Darryl M. Phillips, New Orleans, for respondent.
Before CIACCIO, WARD and ARMSTRONG, JJ.
CIACCIO, Judge.
We granted certiorari in this case following the trial court's denial of defendants' motion for summary judgment. The issue presented is whether, as a matter of law, a lightning strike falls within the meaning of "intentional act" set forth in LSA-R.S. 23:1032 so as to allow plaintiff to escape the ambit of the worker's compensation statute.
Plaintiff's suit stems from an injury that occurred on May 8, 1988 while plaintiff was in the course and scope of his employment with Metropolitan Erection Co., Inc. ("Metropolitan"). On this date, Metropolitan and another contractor, Broadmoor Corporation, ("Broadmoor") were involved in the construction of a new engineering building on the campus of Tulane University. At the time of the injury, plaintiff was working with a high-rise tower crane in connection with the construction work when a storm developed in the area. On orders of his supervisors, plaintiff continued working during the storm, and at approximately 3:00 p.m., plaintiff suffered an electrical shock when the tower crane was struck by lightning.
As a result of his injuries, plaintiff filed suit against several defendants including his employer, Metropolitan; his immediate supervisor, George Daigle; Broadmoor; Nelson Belou, the superintendent of the construction project for Broadmoor; and Ronnie Roussel, an employee of Broadmoor who was operating the tower crane at the time of the accident. Plaintiff alleged in his original petition that Metropolitan was liable for Daigle's actions in ordering plaintiff to work in dangerous weather conditions, alleging that such conduct constitutes an intentional act. Plaintiff further alleged that Broadmoor is liable for the actions of Belou and Roussel for continuing to operate the crane and ordering plaintiff to work in dangerous weather conditions. Plaintiff subsequently amended his petition to allege that Broadmoor's actions constituted "intentional acts" as they were "substantially certain to cause harm to plaintiff."
Plaintiff later filed a second amendment to his petition, adding the following paragraph:
Plaintiff shows, on information and belief, that defendants Broadmoor Corporation, acting by and through its servants, agents, representatives and/or employees, Nelson L. Belou and Ronnie J. Roussel, Jr., having departed from the social standard of conduct either intentionally desired and/or knew or should have known that death and/or serious bodily injury to the plaintiff was substantially certain to follow from their aforesaid conduct ... and that these intentional acts amounted to either a constructive and/or actual battery, assault and/or intentional infliction of emotional distress upon the person and psyche of the plaintiff, thus constituting conduct amounting to an intentional act within the purview of the Louisiana Worker's Compensation Statute and jurisprudence.
Plaintiff also added to his petition for damages a similarly worded paragraph directed to defendants Daigle and Metropolitan.
In response to plaintiff's petition, defendants Metropolitan and Daigle filed an exception of no cause of action. Defendants Broadmoor, Belou and Roussel also filed an exception of no cause of action, or alternatively a motion for summary judgment.
The motion and exceptions were heard by the trial court on March 1, 1991. By judgment dated March 11, 1991, the trial court dismissed defendants' exceptions of no cause of action and motion for summary judgment. In stating his reasons for judgment, the trial court relied on this Court's decision in Van Alton v. Fisk Electric Co., Inc., 451 So.2d 1237 (La.App. 4th Cir.1984). In the Van Alton case, the plaintiff alleged *296 that his employers had failed to provide him with a safe place to work, with the knowledge that the equipment was defective, and with the knowledge and belief "that the consequence of the use thereof was certainly, or substantially certain, to result in injury to plaintiff." Id., at 1238. Plaintiff alleged that such actions fell within the intentional tort exception to LSA-R.S. 23:1032. Based on the holding in Bazley v. Tortorich, 397 So.2d 475 (La.1981), this Court concluded that plaintiff's allegations were sufficient to state a cause of action against his employer.
Louisiana courts have consistently followed the "substantial certainty" test set forth in Bazley v. Tortorich, to determine whether a claim against an employer states a cause of action in intentional tort. In Bazley, the court defined intent within the context of the worker's compensation exclusive remedy rule as "defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Our review of the allegations of plaintiff's original and amending petitions, when accepted as true, indicates that plaintiff has sufficiently stated a cause of action against his employer, and we find no error of the trial court in dismissing defendants' exception.
We turn next to the trial court's denial of Broadmoor's motion for summary judgment. Metropolitan and Daigle did not file a motion for summary judgment at the trial level, and therefore our discussion on this issue does not address these defendants.
If the facts set out in the pleadings, depositions, answers to interrogatories, and affidavits, if any, show that there is no genuine issue as to any material fact, summary judgment is to be granted. La.C.C.P. art. 966.
In support of their motion for summary judgment, defendants Broadmoor, Belou and Roussel (hereinafter "Broadmoor") argue that a lightning strike is a random, fortuitous event over which defendants had no control. Defendants contend therefore that it was impossible for them to have intended the event to occur or for it to have been substantially certain that lightning would strike plaintiff.
Defendants attach the deposition of Nelson Belou, the project supervisor for Broadmoor, who stated he was seated in the trailer on the construction site at the time of the accident. He stated he had instructed George Daigle of Metropolitan that the metal beams used in construction of the building had to be moved before the end of the workday. He further stated he was aware of the danger of operating a high-rise crane during bad weather conditions. However, he stated that the first indication that a storm was approaching was a loud clap of thunder which he heard immediately prior to the occurrence of the accident herein. He stated that it was not raining at the time of or prior to plaintiff's injury.
The deposition of Ronnie Roussel, the operator of the tower crane, was also introduced by defendant. He stated that on the day of the accident, the weather was cloudy and overcast but prior to the accident, there was no indication a thunderstorm was approaching. He stated the lightning strike occurred just seconds after he heard the first sound of thunder.
In opposition to the motion for summary judgment, the deposition of plaintiff, Lacy Suarez was introduced. Plaintiff stated that by 2:00 p.m. on the day of the accident the weather began to get cloudy, and it began to drizzle. He stated that he heard thunder and that another Metropolitan employee saw lightning from the roof of the building. Mr. Suarez stated his supervisor, George Daigle, knew of the lightning, but instructed plaintiff to continue hooking the beams to the crane, stating "it's just raining, it ain't going to hurt you." The plaintiff and Daigle then began to move two metal beams with assistance of the crane, when lightning struck, injuring plaintiff.
Plaintiff argues that it is not necessary to prove that defendants desired Mr. Suarez to be struck by lightning. Plaintiff contends that defendants' admitted awareness of the danger and their refusal to *297 discontinue operation of the crane constitute "intent" under the "substantial certainty" test set forth in Bazley. Plaintiff argues that the conflict in testimony creates a genuine issue of fact to be resolved only at a trial on the merits.
However, in Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806 (La. App. 4th Cir.1991), this Court stated:
Mere knowledge and appreciation of a risk does not constitute intent. Reckless or wanton conduct by an employer does not constitute intentional wrongdoing. Gross negligence, disregard of safety regulations or the use of safety equipment is not sufficient. Williams v. Gervais F. Favrot Company, Inc., 573 So.2d 533 (La.App. 4th Cir.) writ denied 576 So.2d 49 (La.1991). Nationwide, policy considerations reflect that the employer's conduct must go beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work in order to constitute an intent to injure necessary under the exception. Id. at 540, quoting Larson, 2A Workman's Compensation Law, Section 68.13 (1989).
In Tapia, supra, a panel of this court reversed the trial court's denial of summary judgment, stating that there was no basis to determine that plaintiff's injury was substantially certain to follow as a result of her supervisor's decisions.
Applying these principles to the present case, and accepting as true all of plaintiff's factual assertions, we find that although defendants Nelson and Roussel may have been aware of the danger of working with a crane in a thunderstorm, their testimony cannot be interpreted to mean they intentionally caused personal injury. Nothing in the record indicates that defendants intended that lightning would strike plaintiff, nor that they desired this result. Rather, lightning is a random, fortuitous event that by its very nature is not subject to defendants' control. Defendants could not have known when and where or even if lightning would strike, and therefore it was impossible for them to have intended this result.
The record, including the pleadings and depositions filed by both parties, fails to show a genuine issue of material fact. The record fails to indicate that the Broadmoor employees committed an intentional act within the context of R.S. 23:1032 so as to provide plaintiff with a remedy over and above that provided by the worker's compensation statute. We conclude that defendants, Broadmoor, Belou and Roussel cannot be held liable in tort to plaintiff and are entitled to judgment as a matter of law.
Accordingly, the judgment of the trial court dismissing defendants' exception of no cause of action is affirmed. The judgment of the trial court denying defendants Broadmoor, Belou and Roussel's motion for summary judgment is reversed, and the motion for summary judgment is hereby granted. There is judgment in favor of Broadmoor Corporation, Ronnie J. Roussel, Jr. and Nelson L. Belou, and against plaintiff, Lacy Suarez, dismissing his suit against them at his cost.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.