612 So.2d 938 (1993)
Judy A. Wilson, Wife of/and Clyde WILSON
v.
ADVANCE PAPER COMPANY, INC., Transcontinental Insurance Co., Sandra Bauer and Fireman's Fund Insurance Company.
No. 92-CA-0496.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1993.
*939 John A. Shea, Mark J. Shea, New Orleans, for appellants.
James L. Selman, II, Michele W. Crosby, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for appellee.
Before CIACCIO, ARMSTRONG and WALTZER, JJ.
CIACCIO, Judge.
Plaintiffs, Judy A. and Clyde Wilson appeal from a trial court judgment, dismissing their suit against defendant, Advance Paper Company, on defendant's motion for summary judgment. We reverse.
This case arises out of a work related incident that occurred on October 14, 1987 at the office of Advance Paper Company, Judy Wilson's employer. At the time of the incident, Mrs. Wilson, while in the course and scope of her employment and seated at her desk, was struck by a hammer. Just prior to the incident, Sandra Bauer, Advance's Secretary/Treasurer, customer service manager, and a shareholder of the company, had been engaged in a heated argument with Bob Morel, Advance's president, and Jerry Radosti, the vice president, in Morel's office concerning information Bauer had received of word leaking to persons outside of the company of the possible sale of Advance. Upon leaving Morel's office, Bauer proceeded into the general office area and threw the hammer, striking Wilson in the face.
The Wilsons later filed suit for damages, naming as defendants Advance; Sandra Bauer; Transcontinental Insurance Company, the liability insurer of Advance; Associated Indemnity Corporation, Bauer's homeowner liability insurance carrier; and St. Paul Fire and Marine Insurance Company, the excess personal liability insurer of Mrs. Bauer.
Plaintiffs alleged in their original petition that Bauer intentionally threw a dangerous object, a hammer, into the area where co-workers were present, without regard for the safety of others. In their supplemental and amending petition plaintiffs alleged that Bauer's action was not only intentional but that she intended to hit Wilson and/or that she knew or had good reason to believe that Wilson's injuries were substantially certain to follow.
Advance filed a motion for summary judgment, arguing that Bauer did not commit an intentional tort and that she had no known history of violence. As such, Advance argued it was not vicariously liable for Bauer's actions and Wilson was therefore limited to worker's compensation. As there was no genuine issue of material fact in dispute, Advance argued that it was entitled to judgment as a matter of law. The trial judge granted Advance's motion for summary judgment and the Wilsons appealed.
The Louisiana Supreme Court, in the case of Bazley v. Tortorich, 397 So.2d 475, at page 482 (La.1981), discussed the meaning of the term "intentional tort," as it was applied in R.S. 23:1032:
For these reasons, we construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Waldrop v. Vistron Corp., 391 So.2d 1274 (La.App.1980); McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3d Cir.1980); Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La.App. 2d Cir.1980); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.) writ denied 386 So.2d 359 (La.1980); Bourgoyne v. City of Baton Rouge, 380 *940 So.2d 131 (La.App. 1st Cir.1979), cert. denied 382 So.2d 164 (1980); Frazier v. Woodward, 378 So.2d 209 (La.App. 4th Cir.1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir.1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir.1979); Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La. App. 1st Cir.), writ denied, 362 So.2d 578 (La.1978). Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, Section 8A, Comment; Prosser, supra, Section 8.
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and affidavits, if any, show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. On a motion for summary judgment, the mover bears the burden of establishing that there are no genuine issues of material fact. Vermillion Corporation v. Vaughn, 397 So.2d 490 (La.1981); Van Alton v. Fisk Electric, Inc., 531 So.2d 1175 (La.App. 4th Cir.1988). Any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of a trial on the merits. Vermillion Corporation v. Vaughn, supra. Moreover, a motion for summary judgment is not suitable for the disposition of cases requiring judicial determination of subjective facts such as intent, knowledge, motive, malice or good faith. Penalber v. Blount, 550 So.2d 577 (La. 1989).
In support of its motion for summary judgment, Advance presented an affidavit executed by Sandra Bauer, stating that she threw the hammer but that she did not throw it at any particular person or thing nor did she intend to or expect to hit Wilson nor did she expect or intend the injurious consequences of the act. Advance also presented the depositions of Bauer, Morel, Radosti and Wilson. In her deposition, Bauer testified that she had no recollection of throwing any object at anyone or anything. She further testified that she never intended to harm or injure Wilson or anyone else and that she and Wilson had a good working relationship. According to the depositions of Wilson, Morel and Radosti, Bauer had never threatened Wilson at anytime nor was she ever angry at Wilson.
In opposing Advance's motion for summary judgment, plaintiffs argue that there remains an unresolved question of fact as to whether Bauer knew her actions were certain or substantially certain to result in injury. Plaintiffs contend that if she did, then under Bazley, Bauer would be treated by the law as if she had in fact desired to produce the result, and her actions could be construed as an "intentional tort", within the meaning of R.S. 23:1032, thereby precluding summary judgment. On appeal plaintiffs argue that the question to be addressed is not whether they have alleged that the defendant knew the injury would certainly occur, but rather, whether they have set forth facts which could possibly lead to the legal conclusion that Bauer acted in a manner so certain to cause injury that intent is to be imputed to her and vicariously to Advance.
In Maddie v. Plastic Supply & Fabrication, Inc., 434 So.2d 158 (La.App. 5th Cir. 1983), writ denied 435 So.2d 445 (La.1983), the court referring to R.S. 23:1032 stated:
... legal imputation of intent is a conclusion which depends upon the factual circumstance surrounding the act and the resulting injury. It is not in itself a factual allegation which establishes a cause of action for intentional tort by its mere pleading ... The question before us is not, therefore, whether plaintiff has alleged that defendant knew that injury would certainly occur, but rather, whether plaintiff has set forth facts which could possibly lead to the legal conclusion that the employer acted in a manner so certain to cause injury that intent is to be imputed.
In Fannin v. Louisiana Power & Light Co., 594 So.2d 1119 (La.App. 5th *941 Cir.1992), while commenting on Maddie, the court stated "if a reasonable person must have perceived that the act was substantially certain to cause injurious consequences, then the tortfeasor will be treated by the law as if he intended those consequences, whether he in fact intended them or not." Fannin, supra at 1125. Thus, Advance's claim that Bauer must have consciously intended or expected to injure Wilson in order to be liable in tort under R.S. 23:1032 is mistaken. Bauer must have only known that her action was "substantially certain" to cause injury or harm.
In Williams v. Ingredient Technology Corp., 470 So.2d 283 (La.App. 5th Cir.1985) the court stated:
... [T]he distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty ... If the distinction between knowledge and intent is a matter of degree, we find that there are not enough facts before the court to permit the disposition of this case by summary judgment.
Applying these legal principles to the present case, there remains the unresolved factual question of whether Bauer knew that her actions were certain or substantially certain to cause injury. Further, the facts as plead by plaintiffs, if proved at trial, could lead to the legal conclusion that Bauer acted in a manner so certain to cause injury that intent is to be imputed to her.
As to the vicarious liability of Advance for an intentional tort committed by Bauer, the law is clear that for any employer to be held vicariously liable for an intentional tort of a co-employee against a co-employee, the tortfeasor/employee must be acting in the course and scope of his employment. LSA-R.S. 23:1032; Aaron v. New Orleans Riverwalk Ass'n, 580 So.2d 1119 (La.App. 4th Cir.1991), writ denied, 586 So.2d 534 (La.1991).
The Louisiana Supreme Court in LeBrane v. Lewis, 292 So.2d 216 (La. 1974) and Miller v. Keating, 349 So.2d 265 (La. 1977), set out the following factors to be considered in determining whether an employee was acting in the course and scope of his employment when he committed an intentional act:
(1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.
In the case at bar, the argument preceding Bauer's act involved corporate officers discussing corporate business. Bauer's act occurred on the employer's premises and during working hours. Whether Bauer's act was primarily employment rooted and/or incidental to the performance of her duties are questions of fact that are to be determined at trial.
Accordingly, we reverse the judgment of the trial court and remand the matter for a trial on the merits.
REVERSED AND REMANDED.