liAMY, Judge
dissenting.
I respectfully dissent. In my view, the conduct involved in this matter does not rise to the level of an intentional tort, but, rather, is the type of negligent employer behavior which falls within the workers’ compensation *63 provisions. See La.R.S. 23:1032. Accordingly, workers’ compensation statutory benefits are the employee’s exclusive remedy in this ease. Id.
The courts of this state have previously concluded that “[i]n order for a plaintiff to recover under the theory of intentional tort, he must establish that the person responsible for his injuries either desired to bring about the physical consequences of his act or he was substantially certain that they would follow from his actions.” Quick v. Myers, 94-282, p. 2 (La.App. 3 Cir. 12/7/94); 649 So.2d 999, 1001, writ denied, 95-0729 (La.4/28/95); 653 So.2d 598. The “substantially certain” language has been found to mean that the employer knows that injury is either “virtually sure” or “nearly inevitable.” Tapia v. Schwegmann Giant Supermarkets, Inc., 590 So.2d 806 (La.App. 4 Cir.1991)(citing Reagan v. Olinkraft, 408 So.2d 937 (La.App. 2 Cir. 1981), writ denied, 412 So.2d 1095 (La.1982)). More to the point, even gross negligence and the general disregard of safety provisions have been found to be insufficient proof of intent. See Williams v. Gervais F. Favrot Co., Inc., 573 So.2d 533 (La.App. 4 Cir.), writ denied, 576 So.2d 49 (La.1991).
|2In the present case, there is neither evidence that the employer intended for the plaintiff to injure himself, nor any evidence indicating that the employer was substantially certain that the plaintiffs injury would result from the assigned task. Although the employer may have been alerted that the task of moving the sandblasting pot would have been safer with the use of additional equipment, there is no indication that the employer was substantially certain that the injuries at issue would result from the failure to provide the requested equipment. See Suarez v. American Pecco Corp., 608 So.2d 294 (La.App. 4 Cir.1992). Testimony present in the record indicates that the pot had previously been moved manually. Further, according to his supervisor’s testimony, the plaintiff was not ordered to move the pot alone, but had been ordered to move the pot with the help of a fellow worker. Accordingly, I conclude that the workers’ compensation provisions are the plaintiffs exclusive avenue for recovery.